\* SOUTHERN B. & L. ASSOCIATION *v.* LAWSON.

(*Knoxville.* October 3, 1896.)

1. ELEVATORS. *Obligation to passengers.*

The obligation to passengers on elevators and those attempting to become passengers, is the same as that of common carriers to passengers, and those in charge of elevators are bound to exercise the highest decree of care and precaution. (*Post, pp. 370, 371.*)

Cases cited and approved: 62 Fed. Rep., 139 (S. C., 25 L. R. A., 33); 4 L. R. A., 673; 5 L. R. A., 498; 30 S. W. Rep., 1010; 34 Am. Rep., 329.

2. SAME. *Contributory negligence.*

Whether or not it was contributory negligence for one to enter an elevator shaft through the door, which had negligently been left open, and to pull the rope by which the elevator was operated, that will defeat recovery for injuries resulting from being caught by the elevator, is a question for the jury upon conflicting evidence tending to show that a prudent person, under the circumstances, might not have observed that he was entering the shaft. There is evidence to support the verdict in favor of the plaintiff in this case. (*Post, pp. 371, 372.*)

FROM KNOX.

Appeal from Circuit Court of Knox County. J. W. SNEED, J.

---

\* As to the liability for injuries to elevator passengers, see note to *Mitchell* v. *Marker* (C. C. App., 6th C.), 25 L. R. A., 33.—REPORTER.

S. G. HEISKELL and G. W. WINSTEAD for Building & Loan Association.

WILLIAMS, HENDERSON & DAVIS for Lawson.

WILKES, J.　This is an action for damages for personal injuries.　There was a trial before the Judge and a jury in the Court below, and a verdict and judgment for $600, and defendant building association has appealed and assigned errors.

These assignments, eight in number, may be considered under two heads, to wit: That plaintiff is not entitled to recover (1) because she was guilty of contributory negligence, and (2) there is no evidence to support the verdict.

The facts, so far as necessary to be stated, are that the defendant company owns a five-story building on Wall Street in the city of Knoxville, and, for the convenience and use of its tenants, who occupy offices therein, and for those who have occasion to enter the building on business or otherwise, it operates a passenger elevator, running from the ground to the top floor.　The plaintiff is a lady about forty-six years of age, and had occasion to enter the building on business with a tenant occupying the fifth floor.　She entered the main hallway of the building on the first floor about one o'clock in the day, and, seeing a door open on the side of the hall and some person therein, partially entered the room and inquired where she could find Mr. Cagle, the gentleman whom she desired to see.　She states that

the person addressed replied to her to "walk out into the hall and take the elevator and go down on the fifth floor." His testimony is that he said to her to "go out into the hall and take the elevator and go to the fifth floor."

The gentleman thus addressed was, it appears, the cashier of the defendant company, but had no control over or anything to do with the elevator, and we think this inquiry and answer bear very slightly, if at all, upon the merits of the controversy.

It appears that the lady approached the elevator shaft and the door was standing open. She entered the shaft and caught hold of one of the ropes by which the carriage was operated, and attempted to set the carriage in motion. About this time she became suspicious that she had made some mistake, and attempted to step out of the shaft, and had perhaps put one foot out on the floor of the hall, when the carriage descended from above and caught her, striking her on the head and bending her down, and injured her about the chest, shoulders, and back. From the injury she was confined to her bed and room for some time, had medical attendance for a month or more, and was quite seriously injured. A physician, Dr. Nash, was called to see her as soon as she was injured, and attended her afterwards, and testifies that the injury and shock were quite serious. No question is made about the extent of the injury or amount of damages, except so far as the contention is made that her damages should

13 P—24

be nominal, if anything, on account of her con-
tributory negligence.

Plaintiff explains that she had been familiar with
the elevator at the cotton mills, and, it appears,
knew how to operate that by hand, and she had seen
other elevators. The elevator at this building was
started by pulling on a rope, but the motor power
was water. She states that she saw the door open and
stepped into the shaft, and thought it looked sim-
ilar to the one she had been accustomed to at the
mills. It appears from other evidence in the cause
that to go into the shaft as she did would require
a step down of about twelve inches, that the hall
was well lighted, and the elevator shaft was not
dark, and that scattered on the floor was old paper,
grease, and other dirty accumulations, that must, it
is insisted, have attracted the attention of a prudent
person and served to deter them from entering it.

There is no objection to the charge of the Court.
It states the duty of the defendant to keep its
building and elevator in reasonably safe condition,
and the plaintiff's duty to exercise ordinary care for
her own safety. The jury were told that if they
believed that she did not exercise ordinary care, and
if they believed that a person of ordinary care and
prudence, situated as she was and under the sur-
roundings and circumstances that surrounded her on
that occasion, would not have gone into the eleva-
tor, although the door was open, and that her neg-
ligence was the direct and proximate cause of the

injury, then she could not recover. The matter was thus left to the jury upon a charge which is not excepted to, and they have returned a verdict as before stated. In the charge of the Court as to the degree of care required of the owner and operator of the elevator there is certainly nothing of which the defendant can complain. It has been held in a number of cases that the obligation to passengers on elevators (and the same rule would apply to those attempting to become passengers) is the same as that of common carriers to passengers, and that they must use and exercise the highest degree of care and precaution. See *Mitchell* v. *Marker*, 62 Federal Reporter, 139, reported also in 25 L. R. A., p. 33, opinion by Lurton, Circuit Judge; *Goodsell* v. *Taylor*, 4 L. R. A., page 673; *Treadwell* v. *Whelton*, 5 L. R. A., 498; *Kentucky Hotel Co.* v. *Camp*, 30 S. W. Rep., 1010; *Hayward* v. *Miller*, 34 Am. Rep., 329.

In this case the association was unquestionably guilty of negligence in allowing the door of the elevator shaft to be open, into which persons might incautiously enter, and the question of whether the defendant exercised proper care in entering it, or was guilty of such contributory negligence as would bar her recovery, was properly left to the jury under a charge which was not excepted to, and the plaintiff, having given her explanation of the whole matter, we can see there was evidence to support the verdict.

The charge as to the effect of plaintiff's contributory negligence, if they should believe it remotely contributed to the injury, but was not its proximate, direct, and efficient cause, is correctly given, and the jury were properly instructed in such case to abate the damages.

We can see no error of law, and, the jury having passed upon the facts, we are constrained to affirm the judgment with cost.