MARY A. BULLOCK *vs.* BUTLER EXCHANGE COMPANY.

,PROVIDENCE—MAY 16, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice.    Statement of Cause of Action in Negligence.    Demurrer.*

A declaration alleging that defendant was the owner of an office-building and operated elevators for the transportation of passengers in said building ; that plaintiff, having business with one of the tenants of defendant, entered one of said elevators ; that defendant's servant opened the door of the elevator and thereby invited plaintiff to walk out onto the floor of the building before the floor of the elevator was level with the floor of the building, and while the elevator was in motion, whereby plaintiff's foot was crushed between the floor of the elevator and the floor of the building, caused by the moving upward of said elevator, states no cause of action, it showing that plaintiff was guilty of contributory negligence in attempting to leave the elevator while in motion and before it had reached the level of the floor.

Further, the allegation that the opening of the door was an invitation to the plaintiff to walk out of the elevator is a conclusion of law, and states a proposition to which the court cannot assent, such an implied invitation depending upon the circumstances of the particular case.

(2) *Demurrer.    Conclusion of Law.*

A conclusion of law is not admitted by demurrer ; and when the objectionable matter can be rejected as surplusage, the count is good on demurrer.

(3) *Pleading and Practice.    Negligence.*

A count alleging that after an elevator controlled by the defendant wherein the plaintiff was a passenger had reached the floor where the plaintiff wished to alight, so that the plaintiff could safely step out, the elevator having practically come to a stand-still, the servant of defendant opened the door of the elevator, thereby inviting the plaintiff to leave the elevator, and while the plaintiff was passing out the defendant's servant caused the elevator to move upward, thereby injuring the plaintiff, is good upon demurrer.

TRESPASS ON THE CASE for negligence.    The declaration in the first count alleged that defendant was an owner of an office-building and operated elevators for the transportation of passengers therein ; that plaintiff, having business with one of the tenants in said building, entered an elevator ; that de-

fendant's servant opened the door of the elevator and thereby invited plaintiff to walk out onto the floor of the building before the floor of the elevator was level with the floor of the building and while the elevator was in motion, whereby plaintiff's foot was crushed between the floor of the elevator and the floor of the building, caused by the moving upward of the elevator.

In a second count the declaration alleged that after the elevator had reached the floor where plaintiff wished to alight, so that plaintiff could safely step out, the elevator having practically come to a stand-still, that the servant of defendant opened the door of the elevator, thereby inviting plaintiff to leave the elevator ; and while she was passing out the defendant's servant caused the elevator to move upward, whereby the plaintiff was injured.

Heard on demurrer to declaration. Demurrer sustained to first count, and overruled to second count.

(1)    TILLINGHAST, J.   We think the first count in the plaintiff's declaration is demurrable in that it shows that the plaintiff was guilty of contributory negligence in attempting to leave the elevator while it was in motion and before it had reached the level of the floor to which she was being carried.   The count is objectionable also in alleging that the defendant's "servant opened the door of the elevator which opened onto the fifth floor, and thereby invited the plaintiff to walk out of said elevator onto said fifth floor before the floor of the elevator was level with said fifth floor, and while it was in motion."   This is pleading a conclusion of law as to the invitation, and is also stating a proposition to which we cannot assent.   For it does not necessarily follow that because the defendant's servant opened the door of the elevator he thereby as matter of law invited the plaintiff to leave the elevator. Such an implied invitation would depend upon circumstances. If the door was opened after the elevator had reached the floor in question and come to a stand-still, an invitation to step out would clearly be implied ; but if it was opened before

reaching the floor and coming to a stand-still, or practically doing so, no invitation ought to be implied on the part of the passenger.   Brakemen on railroad trains usually open the gates on the platforms and also open the doors of the cars just before reaching a station, and they also announce the name of the station ; but no one would treat this as an invitation to alight until the train had come to a stand-still.   In *Chafee* v. *Ry. Co.*, 17 R. I. 661, this court held that the implied invitation to a passenger to cross the track, if necessary, in order to board a train, does not continue after the train has started.   The allegation as to the invitation is therefore objectionable ; and while the count is not demurrable for this reason, as this part thereof might be rejected or stricken out as surplusage, 12 Ency. Pl. & Pr. 1028, we think attention should be called thereto in order that we may not appear to approve thereof.   See *Martello* v. *Fusco*, 21 R. I. 572.

We think the second count states a cause of action.   It sets out in substance that after the elevator had reached the fifth floor, and while the plaintiff was passing out of the elevator onto said floor (she having been invited to leave the elevator by the servant by opening the door after arriving at this floor), the defendant's servant caused the elevator to move upwards, whereby one of the plaintiff's feet was caught between the floor of the elevator and the fifth floor of the building and injured.   This count, as we understand it, alleges that the elevator had reached the fifth floor or was so near to the level thereof that the passengers could easily and safely step out upon said floor ; that the elevator had either absolutely or practically come to a stand-still ; that the door had been opened to enable the passengers to alight ; and that while the plaintiff was stepping out the elevator was started up again and the plaintiff's foot caught as aforesaid.   The count is not so accurately drawn as it might be, but, construing it as we have, we cannot say that it is demurrable.

The demurrer to the first count is sustained, and the demurrer to the second count is overruled.

Case remitted to the Common Pleas Division for further proceedings.

*E. C. Pierce*, for plaintiff.

*Vincent & Rice*, for defendant.