TIMOTHY F. HANNON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 14, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Negligence,* On elevated railway.

It is not negligence for a guard upon the platform of a station of an elevated railway to begin to open the sliding side door of a car of an arriving train before the train has come to a full stop, when he has no reason to anticipate danger to passengers from his doing so.

TORT for jamming the plaintiff's finger by opening the sliding door of a car of the defendant, against which the plaintiff was resting his hand to steady himself, before the car had come to a full stop.   Writ in the Municipal Court of the City of Boston dated November 12, 1901.

On appeal to the Superior Court the case was tried before *Maynard,* J.   At the close of the plaintiff's case the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*A. S. Hayes*, for the plaintiff, submitted a brief.

*E. P. Saltonstall*, for the defendant.

KNOWLTON, C. J.    The defendant is engaged in carrying great numbers of passengers on its trains above the surface and through the subway in Boston.    Its cars are fitted with doors at the end, through which passengers enter, and sliding doors at the side, through which they pass out.    The stations are not far apart, and during the busy hours of the day the throngs of passengers are very great.    In order to accommodate them with rapid transit it is important that arrangements be made for their exit and entry at the stations with the least possible delay.    To do this guards are provided at the stations, who open the doors when the train arrives, so that passengers can quickly leave the cars, and other guards on the trains who open the gates at the ends of the cars, so that other passengers can quickly enter.

The plaintiff was accustomed to ride on these cars three or four times a day, and was familiar with the method of managing them.    At the time of the accident the car was not crowded, and he had a seat.    There were plenty of straps by which one could hold if he desired, when standing.    When the station was called he arose, walked across the car to the middle door, and took hold with his right hand of the wooden upright part of the side of the door.    There was nobody standing in the aisle.    As the car came to a stop it jerked somewhat, he was thrown off his balance, and, in order to steady himself, put out his left hand, the fingers of which rested against the glass of the door near the casing.    Before the car had come to a complete stop the guard on the platform outside the car pulled back the door, and as he did so the middle finger of the plaintiff's left hand, which was resting against the glass of the door, was jammed between the window frame of the door and the door casing.    The only negligence relied on by the plaintiff is the opening of the door before the train had come to a full stop.

We need not consider the question whether there was any evidence of due care on the part of the plaintiff in allowing his fingers to rest against the glass of the door at a time when he knew it was about to be opened, for we are of opinion that there was no evidence of negligence on the part of the defendant.    To save time for the multitudes of travelling people to whom time is

valuable, it is necessary to have the doors ready to permit exit as soon as the passengers safely can begin to pass out. A little time must be consumed in unfastening and opening the doors. To hold that the guard outside shall not be permitted to begin the process until the cars come to a complete standstill, would impose an unnecessary and unreasonable restriction, whose effect would delay passengers and prolong the running time of the trains. Ordinarily there is no reason to anticipate danger from beginning to get ready the places of exit while the train is in the last part of its movement before coming to a full stop. Passengers are not expected to have their fingers in such a position as to be endangered by the opening of the doors at such times.

Of course the guard must be careful not to open the door when, from the speed of the train or from any other cause, he has reason to anticipate danger to passengers. In the present case there is nothing to show that he knew that the plaintiff's fingers were on the glass.

*Exceptions overruled.*