EVA G. CASHMAN *vs.* NEW YORK, NEW HAVEN, AND HART-
FORD RAILROAD COMPANY.

Suffolk.   January 19, 1909. — March 1, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Railroad, Elevator.

At the trial of an action by a woman against a railroad company to recover for injuries received from her hand being caught in the door of an elevator which the defendant maintained in its station for use by passengers going from the waiting room to the trains on a lower level, there was evidence tending to show that when the plaintiff entered the elevator she was in a hurry to catch a train and told the operator of the elevator so, that consequently he hastened to close the sliding door, that other persons in the elevator jostled the plaintiff and she reached out to save herself from falling and caught hold of the door jamb and the door closed upon her hand. *Held,* that there was no evidence of negligence on the part of the operator of the elevator.

TORT for personal injuries, as stated in the opinion. Writ in the Superior Court for the county of Suffolk dated October 2, 1904.

The case was tried before *Harris*, J., who ordered a verdict for the defendant, and reported the case for determination by this court, it being agreed that, if the case should have been submitted to the jury, judgment was to be entered for the plaintiff for $150; but, if the ruling made was correct, judgment was to be entered on the verdict. The facts are stated in the opinion.

*J. J. O'Connor*, for the plaintiff.

*J. L. Hall*, for the defendant.

KNOWLTON, C. J. In its Back Bay station in Boston the defendant operates an elevator for passengers, the floor dimensions of which are about nine feet one inch by seven feet ten inches. Its door is eight feet and a half in height and three feet and a half in width. The door slides horizontally by means of overhead pulleys upon a track. The plaintiff brought this action to recover for an injury to her finger which was caught between the door and its casing as it was being shut.

She testified that she was in a great hurry to take the train. She had been detained on her way to the station and had then gone to the Trinity Place station of the Boston and Albany Railroad by mistake and had run from there to the defendant's station, where she had only about two minutes to get her ticket and descend by the elevator and take the train. She said in her testimony, "I told the elevator man that I wanted to get the Newport train and that I was in a hurry. I said I wanted the train and it was almost time. We were in a hurry. When I got in, people that were between me and the man that was running the elevator pushed me to one side, and apparently then the elevator man was in the act of closing the door. While the elevator man was in the act of closing the door, I put out my hand to save myself and he closed the door to and crushed my hand with it in the jamb of the door. . . . I knew the door would be closed just as quickly as he could close it, so I could get my train." Except the operator of the elevator, who testified that he knew nothing of the accident until more than two weeks after it happened, she was the only witness. She further testified that

her hand was in such a place that, when the door came to, it struck her hand ; that she had put it somewhere to support herself, and that while it was in that position the door struck it.

It is at least very doubtful whether there was any evidence to warrant a finding that the plaintiff was in the exercise of due care. There was certainly no evidence to show that the operator of the elevator was negligent. By the plaintiff's direction, and to enable her to reach her train, he was trying to move the elevator quickly, and he had no reason to expect that, while he was in the act of closing the door, she would be pushed and would put her hand where the door would close against it. In some particulars the case is like *Hines* v. *Boston Elevated Railway*, 198 Mass. 346, and *Hannon* v. *Boston Elevated Railway*, 182 Mass. 425. See also *Maddox* v. *London, Chatham & Dover Railway*, 38 L. T. (N. S.) 458 ; *Richardson* v. *Metropolitan Railway*, L. R. 3 C. P. 574, n. ; *Metropolitan Railway* v. *Jackson*, 3 App. Cas. 193.

*Judgment on the verdict.*