[No. 10436.   Department One.   January 7, 1913.]

FLORESTINE PERRAULT, *Respondent*, v. EMPORIUM DEPARTMENT STORE COMPANY, *Appellant*.[1]

CARRIERS—OF PASSENGERS—ELEVATORS—DEGREE OF CARE—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY. The question of the negligence of the defendant, in operating a passenger elevator in its store, is for the jury, where it appears that, after taking on plaintiff's companions, the elevator boy waited for the plaintiff at his post, with the elevator door open and the floor of the elevator four or five inches below the level of the floor, causing plaintiff to fall and break her knee on entering the elevator.

SAME—CONTRIBUTORY NEGLIGENCE—FAILURE TO LOOK BEFORE ENTERING ELEVATOR—EVIDENCE—QUESTION FOR JURY. Whether a customer in a store is guilty of contributory negligence in entering a waiting passenger elevator without looking and observing that the elevator was several inches below the level of the floor, is a question for the jury, where the elevator boy was at his post and the door was open (MOUNT, C. J., and CHADWICK, J., dissenting).

[1]Reported in 128 Pac. 1049.

Appeal by defendant from an order of the superior court for Yakima county, Grady, J., entered December 20, 1911, granting plaintiff a new trial on the ground of inadequate damages, after a verdict of the jury rendered in favor of the plaintiff, in an action for injuries sustained in a passenger elevator in a department store. Affirmed.

*Englehart & Rigg*, for appellant, contended, among other things, that the plaintiff was guilty of contributory negligence. 5 Thompson, Commentaries on the Law of Negligence, § 6244; *Bundy v. Union Iron Works*, 46 Wash. 231, 89 Pac. 545; *Day v. Cleveland etc. Co.*, 137 Ind. 206, 36 N. E. 854; *Beltz v. American Mill Co.*, 37 Wash. 399, 79 Pac. 981; *Danuser v. Seller & Co.*, 24 Wash. 565, 64 Pac. 783; *Phillips Co. v. Pruitt*, 26 Ky. Law 831, 82 S. W. 628; *Robb v. Connellsville Borough*, 137 Pa. St. 42, 20 Atl. 564; *Coburn v. Philadelphia, W. & B. R. Co.*, 198 Pa. 436, 48 Atl. 265; *Lafflin v. Buffalo & S. W. R. Co.*, 106 N. Y. 136, 12 N. E. 599, 60 Am. Rep. 433; *Indianapolis Traction & Terminal Co. v. Pressell*, 39 Ind. App. 472, 77 N. E. 357; *Cloney v. Kalamazoo*, 124 Mich. 655, 83 N. W. 618; *Gulf, C. & S. F. R. Co. v. Hodges* (Tex. Civ. App.), 24 S. W. 563; *Dunn v. Kemp & Hebert*, 36 Wash. 183, 78 Pac. 782; *Dimuria v. Seattle Transfer Co.*, 50 Wash. 633, 97 Pac. 657, 22 L. R. A. (N. S.) 471; *Skinner v. Tacoma R. & Power Co.*, 46 Wash. 122, 89 Pac. 488; *Heilliesen v. Seattle Elec. Co.*, 56 Wash. 278, 105 Pac. 458; *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51.

Gose, J—The plaintiff, in attempting to step into an elevator owned and operated by the defendant in its department store, sustained a serious injury, for which she seeks redress in this action. There was a verdict in her favor for $800. The several motions of the defendant for a nonsuit, a directed verdict, and a judgment *non obstante*, were denied, and the motion of the plaintiff for a new trial on the ground of "inadequate damages appearing to have been given under the influ-

ence of passion or prejudice" was granted.  The defendant has appealed.

It concedes that, if the court was not in error in denying its several motions, the order granting a new trial was not an abuse of discretion.  Its contentions are, (1) that it was not guilty of negligence, and (2) that the respondent was guilty of contributory negligence materially contributing to and causing her injury; and hence that it incurred  no  liability. The material facts bearing upon these contentions may be brought within a narrow compass.  The admitted facts are that appellant owned and operated an elevator in its department store, in the city of North Yakima, for the accommodation of its patrons.  The respondent's evidence tended to establish that she and two companions entered the elevator and were carried to the third floor; that they stepped from the elevator, and that the respondent made a small purchase at a counter some ten or fifteen feet distant; that her companions returned to the elevator and one of them rang; that the elevator returned to the third floor and they stepped in; that it was stopped some four or five inches below the surface of the third floor, a fact observed by the one but not observed by the other; that the elevator boy started to close the door but, upon the suggestion of one or both the ladies who had stepped in, desisted; that the elevator door was about four feet in width, and was permitted to remain open a width of about three feet; that one or both of the ladies in the elevator kept calling the respondent, and that she moved slowly sidewise toward the elevator, conversing with a lady at or near the counter, until within one step of the elevator, where she turned, facing the open door and facing her companions within, and attempted to step into the elevator without looking at its floor; that she stepped upon the edge of the floor of the building with her foot at a slight angle, fell into the arms of one of her friends in the elevator, and sustained a fracture of the external semilunar cartilage of the knee, which thereafter necessitated an operation.  The third floor of the store was level,

carpeted and adequately lighted. The floor of the elevator was uncarpeted. The elevator door was open, and the inference is clear, though not directly stated, that the elevator boy was at his post. Upon these facts, the jury was warranted in finding that the appellant was negligent. An elevator used to carry passengers is a common carrier, and one who operates it must, like all other common carriers, exercise the highest degree of care compatible with its practical operation. *Edwards v. Burke*, 36 Wash. 107, 78 Pac. 610.

The second point urged, i. e., that the respondent in failing to look at the floor of the elevator before stepping in, was guilty of negligence as a matter of law, cannot be sustained. She says that she did not notice that the elevator was lower than the floor; that she thought it was level with the floor until she fell, and that she then looked and observed that it was four or five inches below the surface of the floor. The open door, with the elevator boy at his post, was an invitation to enter; and whether, in the exercise of reasonable care which the law exacts, she ought under all the attending circumstances to have seen the situation as it was, was a question of fact for the jury. This view is supported in principle by *Wheeler v. Hotel Stevens Co.*, ante p. 142, 127 Pac. 840. There the plaintiff's contention was, the lights being adequate, that she stepped through an open door into an elevator shaft, thinking that she was stepping into the elevator. The defendant's contention was that the elevator door was closed. The opinion assumes that the question of her negligence was for the jury.

It has been held in other jurisdictions that it is not negligence *per se* to fail to look before entering an elevator where the door is open. *Tousey v. Roberts*, 114 N. Y. 312, 21 N. E. 399, 11 Am. St. 655; *Southern Building & Loan Ass'n v. Lawson*, 97 Tenn. 367, 37 S. W. 86, 56 Am. St. 804; *People's Bank of Baltimore v. Morgolofski*, 75 Md. 432, 23 Atl. 1027, 32 Am. St. 403; *Burgess v. Stowe*, 134 Mich. 204, 96 N. W. 29; *Colorado Mtg. & Inv. Co. v. Rees*, 21 Colo. 435, 42 Pac.

42; *Fisher v. Cook*, 23 Ill. App. 621; *Phillips Co. v. Pruitt*, 26 Ky. Law 831, 82 S. W. 628.

In *Tousey v. Roberts*, the plaintiff entered a hallway from the street, walked towards the elevator, and as she approached it the door was thrown open. She passed through and the car being above, she fell to the bottom of the shaft, sustaining serious injuries. Her contention was that the hallway which led to the elevator was not lighted, but whether it was then so dark that a light was required was a disputed fact. The defendant insisted that, if she had looked attentively, she could have seen that the elevator was absent, and that if she had listened she could have heard it descending from above. In addressing itself to the question of plaintiff's failure to look and listen before passing through the door, the court said:

"An elevator for the carriage of persons is not, like a railroad crossing at a highway, supposed to be a place of danger, to be approached with great caution; but, on the contrary, it may be assumed, when the door is thrown open by an attendant, to be a place which may be safely entered without stopping to look, listen or make a special examination."

We are in full accord with that view. In the *Lawson* case, the plaintiff stepped down about 12 inches into an elevator through an open door, caught hold of one of the ropes by which the carriage was operated, and attempted to set the carriage in motion. Fearing that she had made a mistake, she attempted to step out of the shaft, when the carriage descended from above and caught and injured her. She said that she saw the door open, stepped into the shaft and thought it looked similar to one she had been accustomed to observing. It was held that the question whether she was guilty of such contributory negligence as would bar her recovery was properly left to the jury. In the *Morgolofski* case, the plaintiff's testimony was that he could not see at all in the hall, and having heard the elevator go up, the door of the elevator being open, he was sure the elevator was in place. He stepped in to take the elevator, and fell down five floors into the base-

ment.   It was urged that, inasmuch as he walked into the elevator without looking to see if it was there, he was guilty of contributory negligence.   The court, however, expressed the view that there was no error in leaving it to the jury to find whether, under all the circumstances of the case, the plaintiff had a right to assume that the elevator was at the fourth floor where he stepped into the shaft.   In *Fisher v. Cook* and *Colorado Mtg. & Inv. Co. v. Rees, supra*, the plaintiff stepped into an open elevator shaft, where there was evidence that the lights were inadequate, and the question of contributory negligence was held to have been properly left to the jury.   In *Burgess v. Stowe, supra*, the court said:

"There is some dispute as to whether or not the shaft was well lighted; plaintiff saying that the place was quite dark, while the defendant's testimony indicates that it was quite light.   We think it clear, however, that, had plaintiff been called upon to give particular attention to where he was stepping, he could not have failed to see that the elevator was not before him."

In *Valentine v. Northern Pac. R. Co.*, 70 Wash. 95, 126 Pac. 99, the plaintiff entered an unlighted toilet in a Pullman car, through a dark aisle, caught her finger in the door, and was injured.   We held that whether her conduct met the standard of reasonable care was a question for the jury.   So in this case, we think it would be going too far to hold that the plaintiff may not have the jury determine whether her conduct squared with her duty to exercise reasonable care for her own safety.

We need not review the authorities cited by the appellant. We have examined them, and in so far as they may state a different rule, we prefer not to follow them.   The respondent has not filed a brief, and we have therefore passed the question as to whether the appellant may raise any issue on appeal other than to review the discretion of the trial judge in granting a new trial.

The judgment is affirmed.

CROW and PARKER, JJ., concur.

CHADWICK, J. (dissenting)—I am unable to agree with my associates. Plaintiff's negligence cannot be denied. Her testimony and that of her witnesses shows that she took no account of her own safety. She had ridden frequently on the elevator, and was familiar with its operation as well as all the surroundings. It was light, and if she had looked she could have seen that the elevator was not quite flush with the floor. She says:

"Q. Up to the time you fell you hadn't looked to see how far the elevator was above or below the floor? A. I didn't look down, no. Q. The first time you looked down when you went to enter this elevator to go down after making this purchase was after you had fallen and you looked back to see what had caused you to fall, was that correct? A. Yes, sir. Q. Up to that time you hadn't paid any attention to whether the elevator floor was level with the storeroom floor or not? A. I had not looked. Q. You had not looked? A. No, sir."

The cases cited as sustaining the argument advanced in the majority opinion are cases where the complaining party had stepped into an open elevator shaft. These cases were properly decided. We are furnished with no authorities, and I have been unable to find any which were decided upon facts similar to those presented by this record. In all of the open-shaft cases, some excusatory facts will be found, so that the court can say, as a matter of law, that the party injured was not guilty of contributory negligence, or that the circumstances are such that it should be left to the jury to say whether the negligence of the plaintiff contributed to the injury. This court, in common with all others, has held that, where the facts are admitted or are all one way and but one inference can be drawn therefrom, the question of contributory negligence is one for the court and not the jury. *Budman v. Seattle Elec. Co.*, 61 Wash. 281, 112 Pac. 356.

While the rule is that one operating an elevator is a public carrier and bound to exercise the highest degree of care, the rule is as well settled that a person using a public vehicle is bound to exercise due or reasonable care for his or her own

safety. There is a mutual burden. As the owner owes a duty in operation, so does the public owe a duty in the use. This record not only negatives all showing of care on plaintiff's part, but affirmatively shows that she did not use any care. As has been said many times, courts should not shut their eyes to the commonplace things of life. We all know, as plaintiff knew, that an elevator is a moving vehicle; that it rarely is stopped on the true plane of the floor; that for this very reason persons familiar with the use of elevators will, in stepping in or out, involuntarily use care, unless they be abstracted entirely, as plaintiff admits she was. The rule laid down in this case is entirely too harsh, and puts a burden upon the owners of modern office and business blocks that is not sustained by reference to the elementary principles of the law. Such elevators are operated for convenience and not for profit, and we should not hold to a rule so strict that it is impossible of performance.

I think the judgment of the lower court should be reversed and the case dismissed.

MOUNT, C. J., concurs with CHADWICK, J.