[No. 11899.   Department One.   January 8, 1915.]

E. O. FERRELL *et al.*, *Appellants*, v. WASHINGTON WATER POWER COMPANY, *Respondent.*[1]

CARRIERS—INJURIES—LETTING OFF PASSENGERS—PROXIMATE CAUSE —OPEN DOOR—SUDDEN JERKS. The opening, by the conductor, of the door of a pay-as-you-enter style of street car, just as the car was about to reach its stopping place, is an invitation to a passenger to pass out of the car or at least to enter the vestibule, where it appears that the passenger had started to get off at the last street, and upon being told that her destination was the next street, she stood near the door facing the conductor; and hence is the proximate cause of the accident, where she was thrown or fell out when the car started forward with a sudden jerk while the door was open and the car in motion.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 20, 1913, granting a nonsuit in an action for personal injuries sustained by a passenger on a street car. Reversed.

*W. H. Plummer* and *Joseph J. Lavin*, for appellants.

*Post, Avery & Higgins*, for respondent.

CHADWICK, J.—Plaintiff Anna Ferrell was a passenger on a Riverside avenue street car operated by the defendant company, in the city of Spokane. She intended to alight at Stevens street, which is one block east of Howard street. When the car, which was a pay-as-you-enter car having gates at the rear, arrived at Howard street, plaintiff started to alight. She was told that she had not arrived at her destination which was one block to the east. She stood in the aisle, holding a perpendicular handle bar inside of the door leading into the vestibule of the car. The vestibule was a few inches lower than the floor of the car. As the car approached its stopping place on the off side of Stevens street, the conductor opened the gates while the car was still moving. Appellant

[1]Reported in 145 Pac. 442.

says that, thinking the car had stopped, she stepped down into the vestibule, when, within a moment of time, the car gave a sudden jerk or lurch forward, and she was thrown out of the car and onto the pavement, sustaining the injuries of which she complains. A further statement of the facts is unnecessary to a discussion of the legal principles involved. Plaintiff appeals from a judgment of nonsuit.

The determinative question is, What was the proximate cause of the injury? It is insisted that there is no showing of negligence in that the opening of a gate upon a street car is not an invitation to a passenger to alight, and further that a showing that the car gave a sudden jerk or lurch is not enough to satisfy the law, which demands that there be a showing of negligent operation upon the part of the motorman or that the track or equipment was defective. An answer to the question, What was the proximate cause of the injury? will be decisive of the case. Respondent relies upon the following cases: *Crowley v. Boston Elev. R. Co.*, 204 Mass. 241, 90 N. E. 532; *Hannon v. Boston Elev. R. Co.*, 182 Mass. 425, 65 N. E. 809; *Gagnon v. Boston Elev. R. Co.*, 205 Mass. 483, 91 N. E. 875; *Bullock v. Butler Exchange Co.*, 22 R. I. 105, 46 Atl. 273; *Cashman v. New York, N. H. & H. R. Co.*, 201 Mass. 355, 87 N. E. 570; *Wile v. Northern Pac. R. Co.*, 72 Wash. 82, 129 Pac. 889; *McCann v. Boston Elev. R. Co.*, 199 Mass. 446, 85 N. E. 570, 127 Am. St. 509, 18 L. R. A. (N. S.) 506; *Allen v. Northern Pac. R. Co.*, 35 Wash. 221, 77 Pac. 204, 66 L. R. A. 804; and *Work v. Boston Elev. R. Co.*, 207 Mass. 447, 93 N. E. 693.

In many of these cases it is held, under the facts occurring in the particular case, that the opening of the door or gate of a car or elevator is not an invitation to the passenger to alight from or enter the vehicle. The cases relied on were reviewed and were the subject of consultation in the case of *Atwood v. Washington Water Power Co.*, 79 Wash. 427, 140 Pac. 343. We were there of opinion that a hard and fast rule, that the opening of a door or gate on a moving

vehicle is not an invitation to a passenger, could not be laid down. Whether it was such invitation was a mixed question of law and fact, to be resolved in the light of all the attending facts and circumstances. It is a matter of common knowledge that transportation companies are adopting cars of the pay-as-you-enter type, having gates under the control of the motorman or conductor. A reason, among others, for installing them is that passengers may be protected from their own folly and negligence, and that the company may be saved from the consequences of negligent operation by its own servants while passengers are entering or alighting therefrom. The books are full of cases where passengers have claimed injuries in consequence of a sudden starting or stopping or jerking or lurching of the car just as they were about to get off or get on. One of the principal objects sought to be accomplished by the use of such cars is to overcome the uncertainty of oral testimony, by the use of a mechanical appliance.

Having these considerations in mind, and assuming that it is a matter of common knowledge of a passenger that the gates of a pay-as-you-enter car are closed while it is in motion, we think it would be going too far to hold that the opening of the door was not an invitation to appellant to pass out of the car, or at least to step down into the vestibule. She had undertaken to pass out of the car at Howard street. When informed of her mistake, she remained standing, facing the conductor. The jury might well infer that, with her mind intent upon her destination, the opening of the door was an invitation to her. If we admit that there was no such lurch or jerk as to warrant a recovery, the fact remains that the accident would not have happened if the door had not been opened while the car was in motion. This conclusion is well within the doctrine of *Perrault v. Emporium Department Store Co.,* 71 Wash. 523, 128 Pac. 1049. In that case the elevator had landed about four or five inches below the

11—83 WASH.

level of the floor. Plaintiff entered without looking, and fell. Contributory negligence was set up as a defense. The court said: "The open door, with the elevator boy at his post, was an invitation to enter."

Counsel sincerely argue the insufficiency and probable untruth of appellant's evidence. Whatever our opinion may be, its credibility was a question for the jury.

We are of the opinion that the case should have gone to the jury. Reversed and remanded for a new trial.

CROW, C. J., GOSE, MORRIS, and PARKER, JJ., concur.