Evelyn Murray

*vs.*

Cumberland County Power and Light Company.

Cumberland.    Opinion March 11, 1918.

*Duty of persons attempting to enter electric cars.*

This is an action for the recovery of damages for personal injuries alleged to have been received through the negligence of the defendant.    At the close of the testimony a non-suit was ordered.

The plaintiff was passing around the front end of the car thence back to the rear door to enter the car.    In so doing she stepped into the snow and to save herself from falling, put her arm against a front sliding door, just as the motorman operated the lever to open the door, and the plaintiff's hand and arm were caught by the motion of the door and injured.

*Held:*

(1)    The plaintiff was not a passenger.

(2)    The defendant was responsible for only such care as required it to refrain from any act which it might be reasonably held to anticipate might injure the plaintiff.

(3)    The defendant could not be held to reasonably anticipate that an accident of this kind might occur.

(4)    The non-suit was properly ordered.

Action on the case to recover damages for personal injuries sustained through the alleged negligence of defendant.    Defendant filed plea of general issue.    At close of plaintiff's case, after motion by defendant, presiding Justice ordered nonsuit; to which ruling plaintiff filed exceptions.    Exceptions not sustained.

Case stated in opinion.

*William A. Connellan, and Harry H. Cannell*, for plaintiff.

*Bradley & Linnell, and William Lyons*, for defendant.

SITTING:  CORNISH, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

SPEAR, 'J.  This is an action for the recovery of damages for personal injuries alleged to have been received through the negligence of the defendant.  At the close of the testimony for the plaintiff, the defendant moved for a nonsuit, which was granted by the presiding Justice.  The case comes up on exceptions to this order.  The issue: Was there evidence upon which a verdict in favor of the plaintiff might be sustained?

The facts.  The car by the operation of which the plaintiff was injured, upon her signal had stopped, at the junction of Brackett and Wilson streets, at a regular stopping place indicated by a white post. The snow was deep on each side of the track.  The car was what may be called a "pay as you enter car."  The entrance is at the rear of the car; the exit at the front, on the right-hand side, from a door operated by a lever, and sliding back in line with the side of the car in a closed casing.  A path had been shoveled from a house leading into the street near the front end of the car.  On account of the depth of the snow it was more convenient for the plaintiff to take the path and pass around the front end of the car, and thence back to the entry door.  In so doing she stepped in the snow, lost her balance, and to prevent herself from falling, put her arm against the side of the sliding door just as the motorman operated the lever to open the door, the result of which was, that the plaintiff's hand and wrist were caught by the motion of the door and injured.

Under this state of facts, the question of the defendant's negligence rests upon the inquiry, whether the defendant should be held to reasonably anticipate that an accident of this kind might occur?  If not, it owed no duty to the plaintiff.

This case should be differentiated from those where accidents analogous to the one in question have caused injuries to parties who are regarded as passengers.  The plaintiff in this case could not be regarded as a passenger.  For her own convenience she was going around the front end of the car, and while moving along the street toward the entrance of the car, was injured by accidently, not intentionally, placing her hand and arm against the front door of the car. The relation of carrier and passenger, therefore, had not intervened. *Duchemin* v. *Springfield St. Ry. Co.*, 186 Mass., 353;  *Payne* v. *Same,* 203 Mass., 425.

The defendant, therefore, to meet the standard of ordinary care, owed the plaintiff the duty of refraining from any act which it might be reasonably held to anticipate would do her harm. The opening of the front car door, per se, was not a negligent act. It was necessary to let passengers off. To open it for any other purpose was not a negligent act, per se, as all passengers are assumed to be charged with knowledge that the rear door only is used for boarding the car. It is therefore difficult to conceive of any occasion upon which a prospective passenger, or other person, should approach the front door of this car from the outside. But, only for the approach to this door, of such persons as might be expected to come to it for some legitimate purpose, can the defendant be held responsible. Mere accidental contact with the door would seem too remote, as an expectation, even, with which to charge the defendant with any duty to the party approaching. No knowledge on the part of the defendant of such accidental contact can be presumed. We are, therefore, unable to discover any legal ground upon which the defendant can be charged with a failure of duty toward the plaintiff, in this case. This conclusion is fortified by authority as well as reason.

*Hannon* v. *Boston Elevated Ry. Co.*, 182 Mass., 425, is a case in point, except that the defendant was under the greater duty arising from the relation of carrier to passenger. The court held: "Ordinarily there is no reason to anticipate danger from beginning to get ready the places of exit while the train is in the last part of its movement before coming to a full stop. Passengers are not excepted to have their fingers in such a position as to be endangered by the opening of the doors at such times. . . . . In the present case there is nothing to show that he (the guard) knew that the plaintiff's fingers were on the glass." To the same effect is *Hines* v. *Boston Elevated Ry. Co.*, 198 Mass., 346; *Benston* v. *Same*, 202 Mass., 577

The nonsuit was properly ordered.

*Exceptions overruled.*