must be presumed that one performing labor for a city in relation to assessments for street improvements is informed as to the law governing his right of recovery for such labor.

4. PLEADING, § 455*—*when error in affidavit of merits is waived.* Any error in an affidavit of merits in failing to mention a specific defense is waived where the parties go to trial with no plea on file and there is no objection to proceeding with the case without an issue joined.

5. JUDGMENT, § 8*—*when plaintiff not entitled to after default.* In case of a default, if the plaintiff undertakes to prove his demand and the evidence introduced shows he has no legal claim against the defendant, he is not entitled to a judgment.

6. APPEAL AND ERROR, § 1802*—*when case not remanded.* Where a judgment is reversed and there can be no recovery, the case will not be remanded.

---

### David Thede, trading as Thede Brothers, Appellee, v. Jefferson Deposit Company, Appellant.

### Gen. No. 6,496.    (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of facts. Opinion filed April 9, 1918.

### Statement of the Case.

Action by David Thede, trading as Thede Brothers, plaintiff, against Jefferson Deposit Company, defendant, to recover under section 29 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(29)] the amount of compensation paid to an employee claimed to have been injured due to the negligence of defendant. From a judgment for plaintiff for $474.50, defendant appeals.

PAGE, HUNTER & PAGE, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Covey, Campbell & Covey and Thomas C. Angerstein, for appellee; E. V. Champion and H. A. Egolf, of counsel.

Mr. Presiding Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. Workmen's Compensation Act, § 18*—*when landlord not liable for injuries sustained by employee of teamsters using elevator.* The owner of an office building, the basement of which is occupied by a publishing company, and to which rolls of paper are customarily taken by employees of teamsters from a wagon by means of an elevator worked by hand by such employees, is not liable to one of such employees, the driver of the wagon, for personal injuries received as the result of slipping on a wet roll, while going to the platform to pull up the elevator which had in some way gone down in the shaft, and falling through the open doors down the shaft, which doors had been left open by such employees while unloading another load, so as to warrant recovery by the employer under section 29 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(29)], upon payment of compensation for the injuries received by the employee.

2. Workmen's Compensation Act, § 18*—*when employee of teamster injured while using elevator to convey goods to tenant guilty of lack of due care.* An employee of teamsters who is employed with others to unload paper rolls from a wagon into an elevator for transportation to the basement of a building for use by a tenant, and who knows that the doors guarding the entrance to the elevator are open, they having been left open at the time of a previous trip, and, upon observing that the elevator, which, at the time of finishing the work on the previous trip, had been left flush with the platform, had gone down the shaft, after backing the wagon up to the shaft, walks along the top of the rolls to pull up the elevator, which was operated by hand, and slips on a wet roll and falls down the shaft, is guilty of the lack of due care, in avoiding a known danger, and, consequently, his employer, upon payment of compensation under the Workmen's Compensation Act, cannot, under section 29 of the Act [Callaghan's 1916 St. Supp. ¶ 5475(29)], recover the amount paid from the owner of the building.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.