## GOLDIE AND PASCAL A. BECKJORD v. FIRST PRESBY-TERIAN CHURCH OF MERRIAM PARK.[1]

February 21, 1936.

Nos. 30,681, 30,682.

*John I. Levin* and *Daniel J. Hollihan,* for appellants.
*Bradford, Cummins & Cummins,* for respondent.

JULIUS J. OLSON, JUSTICE.

Two negligence cases, one brought by Goldie Beckjord in her own behalf for personal injuries, the other by her husband for consequential damages, were tried together below. Each plaintiff met with an adverse verdict, rendered pursuant to instructions of the court. After entry of judgment each plaintiff appeals.

As both cases involve the same essential facts respecting liability or lack thereof, we shall discuss only the case of Mrs. Beckjord. Determination of her case necessarily determines the result in the other. Hereafter we shall refer to Mrs. Beckjord as plaintiff and the church organization as defendant.

Plaintiff is, and over a period of many years has been, a member of defendant, First Presbyterian Church of Merriam Park, and for

[1]Reported in 265 N. W. 336.

some eight or nine years a member of the Ladies Society of that organization. She has taken an active part in church affairs, particularly in the Ladies Society.

Defendant owns and occupies an edifice devoted to its various activities. We are concerned only with that part of the structure which is located in the basement of the church building itself, known and designated as Henderson Hall. This part of the building was used for various church activities and more particularly by the Ladies Society. A stage is provided, rising above the floor of the general assembly room where the audience is seated. In the rear of the stage are suitable entrances from either side. The stage is approximately a foot and a half above the general level of the floor. At the east side of the back stage room there is a short stairway consisting of two risers, making three steps in all from the floor to the level of the back stage room, which is on the same level as the stage itself. The Ladies Society is accustomed to put on entertainments, skits, and shows. It was while this society was putting on a show or entertainment of this nature on the evening of October 26, 1933, that the accident giving rise to the present case arose. It was an annual affair known as a "Home Coming or Harvest Festival." The purpose of the gathering was social. First a dinner was served. Thereafter an entertainment was offered from the stage in the basement. The entertainment that evening was supposed to represent a "moonlight scene." Many persons took part, plaintiff as "Aunt Jemima" being one of them. In order to give the desired effect it became necessary to turn out certain lights. One of these lights was located in the ceiling of the back stage room. Defendant's janitor had turned on the light which afforded the means of lighting up the stairway to which we have referred. He was ordered to turn the light off by one or more of those who took part in the play. Plaintiff was present and heard the instructions so given the janitor. While this light was out, plaintiff, well knowing that to be the fact, went to the stairway to look for a child who had been dressed and fixed up to represent a pickaninny. When she came to the stairway there were two boys sitting on the top riser. They moved, one to each side, so as to give her room to

pass them. She put her left hand upon the door casing and stepped with her right foot downward, obviously missing the first step, and as a consequence fell to the floor below, a distance of approximately a foot and a half. She sustained certain injuries to her arm and wrist. Claiming that the church was negligent in failing to provide and furnish adequate lighting for the stairway, she brought this action.

It should be mentioned in passing that the Ladies Society was a separate organization from that of the church itself. To be a member thereof the only requirement was that 50 cents annual fees be paid. Members of the church organization and others were welcome to become members. The general aims and purposes of that society were to lend aid and assistance to the church as such in its many uplifting activities.

The trial court in instructing a verdict for defendant was of the opinion that failure to provide an adequate light for this so-called stairway, consisting of two or three steps, had not been shown.

"So far as it has been called to the court's attention, there is no statutory law in this state requiring that kind of a stairway to be lighted, but, however that may be, the church here did provide adequate facilities for lighting the place where the steps were. It was lighted in the ceiling of the so-called back stage room and when turned on it would cast a light directly upon this stairway. * * * Now, so far as that feature of the case is concerned, if the church was required to light this stairway, it has performed its duty in providing adequate facilities for such lighting, leaving it, of course, necessary for anyone using it, to turn on those lights. * * * The plaintiff here was one of the group of entertainers and there were some young people who were taking part in that playlet or entertainment. She [plaintiff], as well as all the others taking part, knew that in order to get the proper stage setting for that play, as viewed by the audience, it was necessary to turn out these lights that were back of the stage in the hallway. The plaintiff knew that and so stated herself from the witness stand, that is, the lady plaintiff, that the janitor did not turn off those lights of his own motion,

but at the instructions of those in charge of the entertainment, or in charge of the play  *   *   *; and to say that [such act] constituted an act of negligence upon this church corporation would be stretching the law entirely too far.  The evidence here, to my mind, wholly fails to disclose any negligence upon the part of the church corporation, or any act that could be chargeable to it as an act of negligence.  Furthermore, the plaintiff did, and prior to the time of her unfortunate accident, know the situation.  She was back stage when the lights were turned off, and she knew why they were turned off and the necessity for doing so, and, with that knowledge and under those circumstances, she attempted to make use of that short stairway.  So it seems to me she took her own chances when she did so.  Consequently the motion of the defendant here to direct a verdict in favor of the defendant is granted in each case."

It is difficult indeed to find language of more cogent reasoning for the conclusion reached than that used by the trial judge.  Nothing that we can say here will in the least add to what is there said.  Too obvious for further comment, the trial court was right.  Citation of authority would be wholly useless.  After all, the church is not an insurer.  If plaintiff were to prevail upon facts such as here appear, every church or other benevolent organization, in fact all owners of property, would be held to liability in every instance where an accident occurred without any showing of negligence.  Such is not the law.  No case or other authority has been cited justifying any other result than that reached by the learned trial court.

Each judgment is affirmed.