## FRANCES LOGAN v. HENNEPIN AVENUE METHODIST-EPISCOPAL CHURCH.[1]

April 10, 1941.

No. 32,689.

[1]Reported in 297 N. W. 333.

*Durham & Swanson,* for appellant.

*John P. Devaney, Philip Neville,* and *Thomas O. Kachelmacher,* for respondent.

HILTON, JUSTICE.

In this action for damages, defendant, after being unsuccessful in keeping the case from the jury, appeals from a judgment for plaintiff. We must decide whether it was error to submit to the jury questions of defendant's negligence and plaintiff's contributory negligence.

The undisputed facts are that plaintiff, while serving as chorister and teacher in defendant's Sunday School department on October 16, 1938, received injuries caused by a falling screen set in motion by the sliding or toppling of certain metal folding chairs. These chairs, used only twice weekly for adult gatherings, were regularly stacked upright against the wall in the northwest corner of the primary room where Sunday School classes were held. Their presence there was substantially concealed by a folding screen consisting of three sections, each with a wooden frame and burlap filling. The chairs were located at the west end of a narrow corridor, three and one-half feet wide, formed by the north wall of the room and the back of a bench 14 feet long and five feet high. Of the 90 or 100 small children in regular attendance, about one-half used this corridor as a clothes hall. Clothes hooks had been fastened to the back of the bench and also to the north wall, the latter extending over the chairs to the west wall. Each Sunday there would be quite general commotion and disturbance while the children scrambled in and out of this corridor in getting their clothes. During the usual turmoil on this particular Sunday, some child apparently brushed against the chairs, which slid or toppled against the screen, causing it to fall forward with considerable force. Plaintiff, who was standing with her back to the screen engaged in conversation, was struck on the head. Damages to

compensate for injuries thus received is the object of this action.

One of the grounds advanced by defendant against liability is its own lack of negligence. It is said that the combination of events here productive of injury was so unforeseeable that a failure to take steps to avoid the occurrence could not be deemed negligence. While perhaps the defendant would agree that negligence is conduct "which falls below the standard established by law for the protection of others against unreasonable risk of harm" (Restatement, Torts, § 282), and that the standard by which this negligence is determined is the conduct of the "reasonable man under like circumstances" (*Id.* § 283), yet it contends that it was error to submit to the jury the application of this standard to these facts. The cases cited in support of this position concern such divergent situations that a solution is not much aided by their discussion. Rather a reference to the general principles underlying this problem is of greater pertinence.

Our cases support the statement of Professor Prosser that:

"If the defendant could not reasonably foresee any injury as the result of his acts, or if his conduct was reasonable in the light of what he could anticipate, there is no negligence, and no liability." Prosser, "The Minnesota Court on Proximate Cause," 21 Minn. L. Rev. 19, 27.

The difficulty is not with this rule but with its attempted application to these facts. It should be noted that before negligence is present, there must be not only a risk of harm to another's interest, but that risk must be an unreasonable one. (Restatement, Torts, § 289, comment *b*.) Whether a risk of injury is present is determined by the application to the circumstances of the perception, knowledge, and judgment of the reasonable man in an effort to perceive the existence of an appreciable risk of invading another's interest. (*Id.* § 289.) As to the unreasonableness of the risk, the actor's conduct partakes of this quality when the risk of harm to another is of such magnitude as to outweigh what the

law regards as the utility of the act in question or the particular manner in which it is done. (*Id.* § 291[1].)

No one would question the utility or even necessity of folding chairs. They do much to facilitate a variety of uses of the rooms in which they are found. When it comes to their storage, however, problems are presented. Anyone familiar with folding chairs will recognize their propensity for skidding or sliding if improperly stacked. Whether such improper stacking is present depends much upon the way in which they are arranged. If too sharply perpendicular or upright, there is danger of toppling. If too much at an angle, sliding is likely. Couple this tendency for movement with an environment capable of providing the necessary stimulus, and a combination of circumstances is present which is latent with possibilities of danger.

Doubtless it was desirable for defendant to stack these chairs close at hand for use when wanted. Yet an improper location or arrangement should have been a matter of some concern. Folding chairs which together slide or topple are of sufficient weight to cause injury. A disturbance of these chairs by the children was not the only factor to be anticipated. A slammed door or window or a sudden vibration of the floor were sufficiently possible to merit consideration. That these chairs had been piled substantially the same way for several years during which no accident occurred, though a fact for the jury, is not determinative that due care was exercised upon the occasion in question. The evidence permitted a contrary inference. Indeed, by surrounding the chairs with a screen, defendant in effect encouraged a feeling of security by concealing from observation what might otherwise be recognized as a potentially dangerous condition.

We cannot say that all reasonable men under like circumstances would have concluded that defendant had exercised due care to protect against a foreseeable hazard. Certainly it does not appear that readiness of use would have been materially impaired, if at all, by some safer method of storage—perhaps horizontal piling or

use of an object or device to prevent sudden skidding. The danger of injury to children and others from carelessly stacked folding chairs was proportional to the number of sources from which their disturbance could be expected. Balancing the importance to defendant of maintaining its chairs convenient to use with the danger of injury to persons in the vicinity, it seems clear that the jury, applying the standard of the reasonable man, could properly have concluded that the precautions taken by defendant to guard against injury were not commensurate with the risk involved.

The other ground advanced by defendant to absolve itself of liability rests upon the alleged assumption by plaintiff of all risks of danger. Ordinarily this, like the question of defendant's negligence, is for the jury. True, plaintiff knew where the chairs were stored. But, considering the precaution which defendant took to conceal their presence, we cannot say that it conclusively appears that the risk which materialized was so evident to any reasonable person that avoidance of proximity to the screen was mandatory. The evidence does not disclose such culpable lack of self-protection from known danger that intervention by us with the jury's finding would be authorized. *Cf.* Beckjord v. First Presbyterian Church, 196 Minn. 474, 265 N. W. 336; Murray v. Albert Lea Home Inv. Co. 202 Minn. 62, 277 N. W. 424.

Judgment affirmed.