GRAND RAPIDS BEDDING CO. *v.* GRAND RAPIDS FURNITURE TEMPLE CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIABILITY OF THIRD PARTY—NEGLIGENCE—LEGAL LIABILITY.

The liability of a third person to an employer, under the provisions of the workmen's compensation act (2 Comp. Laws 1915, § 5468), for the amount paid as compensation to an employee or his dependents under said act, arises only where such third person is guilty of negligence creating a legal liability, and unless a legal liability exists the action may not be maintained.

2. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ELEVATORS.

Where an operator was provided for an elevator in a building owned by defendant and occupied by a number of tenants, of which plaintiff was one, and a buzzer was installed for the purpose of summoning the operator to the desired floor, but plaintiff's employee, disregarding the buzzer, opened the elevator doors at the ground floor

On rights and remedies under compensation acts where injuries were caused by negligence of third person, see notes in L. R. A. 1916A, 360; L. R. A. 1917D, 98; L. R. A. 1918F, 524.

although they were nearly closed, and, thinking the elevator was at that floor, stepped inside, when he fell to the bottom of the elevator shaft and received injuries causing his death, he was guilty of contributory negligence, as a matter of law, barring an action by his employer under the workmen's compensation act to recover compensation paid to the employee's widow for his death.

3. SAME — CUSTOM — NOTICE — NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

If there was a custom of leaving the elevator doors partly open when the elevator was at the ground floor, if such opening was notice that the elevator was there, if it was an invitation to enter and use the elevator, and if defendant had notice of such established custom, then the questions of defendant's negligence and deceased's contributory negligence were for the jury.

4. SAME—EVIDENCE—SUFFICIENCY—QUESTION FOR JURY.

Although the testimony as to such custom was very meagre, it cannot be said that there was no such testimony.

5. SAME—EVIDENCE—WEIGHT OF EVIDENCE—NEW TRIAL—NOTICE.

In the absence of a motion for a new trial, the Supreme Court will not weigh the evidence as to such custom, except to say that it did not establish so notorious a custom that it can be said, as a matter of law, that defendant had notice of it, nor was there testimony of actual notice.

6. TRIAL—INSTRUCTIONS—CUSTOM—NOTICE.

The trial court was in error in refusing defendant's requested instruction, or the substance of it, that "even if you find that there was such a custom, unless you find that defendant had notice or knowledge of such custom, your verdict must be for the defendant."

7. CUSTOMS AND USAGES—NOTICE—NEGLIGENCE.

A person may not be held guilty of negligence for the breach of a duty created by a custom of which he has neither actual or constructive notice.

Error to Kent; Brown (William B.), J.    Submitted January 19, 1922.    (Docket No. 115.)    Decided June 5, 1922.

Assumpsit by the Grand Rapids Bedding Company against the Grand Rapids Furniture Temple Company for the amount of an award against plaintiff under the workmen's compensation act.    Judgment for plaintiff. Defendant brings error.   Reversed.

*Stevens T. Mason,* for appellant.

*Lombard & Atkinson,* for appellee.

Plaintiff under the provisions of the workmen's compensation act was required to pay compensation to the widow of Edward F. Mulzer, one of its employees, and brings this action for indemnity under the provisions of section 15, part 3, of the act (2 Comp. Laws 1915, § 5468).   Defendant owns a 9-story building in Grand Rapids.   It is rented to dealers who there exhibit their wares.  In January and July of each year buyers in large numbers come to Grand Rapids and during these months some 60 exhibitors, among them plaintiff, occupy this building.   During the balance of the year but few exhibits, some four or five, are kept there, plaintiff being among the few tenants who maintain exhibits during the entire year.   There was an elevator in the building; it was reached by a few steps up from the entrance; there was a lobby at the landing; there were mirrors on the elevator and around it.   During the "off season" the janitor operated the elevator, and there was a bell or buzzer used to call him which he could hear anywhere in the building.   The elevator was not an automatic one. Mr. Mulzer was one of plaintiff's salesmen.  On August 15, 1919, accompanied by his wife he took a prospective customer to defendant's building.   When the party reached the lobby in front of the elevator the doors of the elevator were practically closed, there being an opening of three or four inches.   Mr. Mulzer did not push the button to ring the bell or buzzer but

pushed open the doors and without ascertaining that the elevator was at that floor stepped inside the shaft. The elevator was at an upper floor and he fell to the bottom of the pit, sustaining such serious injuries that he died four days later.

FELLOWS, C. J. (*after stating the facts*).   We shall not take up each assignment of error.   As the case must go back for a new trial we shall dispose of the controlling questions.   Plaintiff's right to maintain this action is based upon the statute (2 Comp. Laws 1915, § 5468), which gives such right:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof."   *   *   *

This "legal liability" arises where such other person is guilty of negligence, and unless a legal liability for negligence is made out the plaintiff can not recover. *Carlson* v. *Railway Co.*, 143 Minn. 129 (173 N. W. 405) ; *Fidelity & Casualty Co.* v. *Electric Co.*, 187 Iowa, 1014 (174 N. W. 709) ; *Thede* v. *Deposit Co.*, 210 Ill. App. 450.

Defendant's counsel insists that the trial judge should have directed a verdict because of the contributory negligence of Mr. Mulzer, and should have granted the motion for judgment *non obstante veredicto* based on this ground.   He insists that Mr. Mulzer's negligence was the sole and proximate cause of the accident and that defendant is not liable.   Plaintiff's counsel call our attention to cases holding that a wide open elevator door is an invitation to enter.   We need not consider them as they are not applicable to the instant case.   Plaintiff's testimony conclusively establishes that the elevator doors were nearly closed, were but three or four inches apart, only by opening them could one get in-

side—for all practical purposes the doors were closed. We are not here dealing with an automatic elevator, one which could be brought to the desired floor by pushing a button; this elevator required human agency to move it; an operator was provided for it, and by simply pushing a button his attention would be attracted and the elevator brought by him to the desired floor. All of this was well known by deceased who had been in the building hundreds of times. Instead of pushing the button deceased himself opened the doors and without ascertaining whether the elevator was there stepped inside the shaft and received the injuries which resulted in his death. Such utter disregard for his own safety, such carelessness and recklessness constituted contributory negligence as matter of law.

In *Bremer* v. *Pleiss*, 121 Wis. 61 (98 N. W. 945), it was said:

"There is no doubt that, when a door to an elevator shaft is thrown open by the attendant, that very act constitutes an invitation to enter. *Tousey* v. *Roberts*, 114 N. Y. 312 (21 N. E. 399); *Oberndorfer* v. *Pabst*, 100 Wis. 505 (76 N. W. 338). So it has been held that, where the door is fully open and the shaft is dark, the question whether a passenger is guilty of contributory negligence in stepping in without examination is one for the jury. *People's Bank* v. *Morgolofski*, 75 Md. 432 (23 Atl. 1027, 32 Am. St. Rep. 403); *Southern Bldg. & Loan Ass'n* v. *Lawson*, 97 Tenn. 367 (37 S. W. 86, 56 Am. St. Rep. 804); *Dawson* v. *Sloan*, 49 N. Y. Sup. Ct. 304, affirmed in 100 N. Y. 620. We have found no case, however, holding that where the door to the shaft is only halfway open, so that the passenger entering is obliged to, and does, open it the rest of the way in order to enter, the question of contributory negligence is a matter of doubt; nor do we see how it could be so held. It seems to us entirely clear that the fact that the door is only partway open is a definite and unequivocal advertisement that something is wrong—certainly not an assurance that the car is there. The use of passenger ele-

vators is now so universal that all know that when an elevator car is brought to a standstill, ready for passengers to enter or leave, the door is always thrown wide open.   A door only halfway open is a plain suggestion of some unusual condition—a hint to investigate, not an invitation to enter or an assurance of safety."

See, also, *Kauffman* v. *Machin Shirt Co.,* 167 Cal. 506 (140 Pac. 15) ; *Ballou* v. *Collamore,* 160 Mass. 246 (35 N. E. 463) ; *Wheeler* v. *Hotel Stevens Co.,* 71 Wash. 142 (127 Pac. 840, Ann. Cas. 1914C, 576) ; *Claypool* v. *Wigmore,* 34 Ind. App. 35 (71 N. E. 509) ; *Globe Indemnity Co.* v. *Hook* (Cal. App.), 189 Pac. 797; *Massey* v. *Seller,* 45 Ore. 267 (77 Pac. 397) ; *Hutchins* v. *Sleigh Co.,* 61 Mich. 252.

But plaintiff insists there was a custom prevailing in the building of permitting the tenants and their employees to operate the elevator and of leaving the doors partly open when the elevator was at the ground floor.   If there was a custom of leaving the doors of the elevator a few inches open only when the elevator was at the ground floor, if an opening of a few inches in the doors was notice that the elevator was there, if it was an invitation to enter and use the elevator, and this was the established custom and of it defendant had notice, then we think the questions of defendant's negligence and of deceased's contributory negligence become questions for the jury.   Bearing in mind the rule that upon defendant's motion for a directed verdict the testimony and legitimate inferences most favorable to plaintiff must be accepted, we can not say that there was *no* testimony of such custom.   It was of the most meagre sort.   As no motion for a new trial was made, we shall not undertake to weigh it further than to say that it did not establish so notorious a custom as that we can say as matter of law that defendant had notice of it, nor was there testimony of actual notice.

With reference to the custom defendant's counsel requested the court to charge the jury:

"Even if you find that there was such a custom, unless you find that defendant had notice or knowledge of such custom, your verdict must be for the defendant."

This request was refused and was not given in substance. The substance of this request should have been given. A custom may exist so long as to give constructive notice of it or there may be actual knowledge of its existence. But it must be obvious that defendant can not be held guilty of negligence for the breach of a duty created by a custom of which it has neither actual or constructive notice. *Fluhrer* v. *Railway Co.*, 121 Mich. 212; *Nichols* v. *Railway Co.*, 125 Mich. 394.

By an amendment to its declaration plaintiff counted on sections 5333 and 5595, 2 Comp. Laws 1915, but as the case was not submitted to the jury upon the count charging a breach of statutory duty we do not consider the statutes or their validity.

The judgment will be reversed with a new trial. Defendant will recover costs of this court.

WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.