NILS PARSON, PLAINTIFF-APPELLANT, v. JOHN DUGHI, DEFENDANT-RESPONDENT.

Submitted October term, 1933—Decided December 19, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiff-appellant, Benjamin Gordon.

For the defendant-respondent, Cox & Walburg (William H. D. Cox, of counsel).

Per Curiam.

This is an appeal from a judgment of nonsuit entered in favor of the defendant and against the plaintiff in the Union County Court of Common Pleas. The record before us discloses these facts and circumstances: The plaintiff, Nils Parson, visited some friends who lived in a six-family apartment house in Westfield, New Jersey. He entered the apartment of his friends by the front door, spent the evening with them until about half-past nine, when he arose to make his departure. On so doing, he went to the rear of the apartment to obtain his hat, which he had left in the kitchen, and he elected to leave these premises by the rear entrance that opened off the kitchen.

It appears from the record before us that each of the apartments in this house has a rear porch so that one might leave from any apartment, stepping onto a porch and descend a stairway to the ground. The Longs had their apartment on the ground floor. The plaintiff, on this occasion, stepped from the kitchen onto the porch, in the darkness, then proceeded to feel his way to the steps leading from the porch to the ground. He was groping for the handrail, which had been removed, the premises being under repair, and the plaintiff fell a height of six or seven feet, landed on a pile of brick evidently being used for the repairs, and sustained serious injuries. His action at law was against the owner of the premises.

Both Mr. and Mrs. Long testified that they had not been notified as to when the repairs were started by the landlord although they knew that they were under way. Mrs. Long testified that the porch rail was in its place on the morning of the day of the accident.

The trial court granted the defendant's motion for a nonsuit and this appeal is grounded solely on the point that the nonsuit should have been denied.

The plaintiff himself testified that at seven o'clock in the evening he walked in the front door of the apartment; that he remained with Mr. and Mrs. Long until about nine-thirty; that he had visited the Longs several times before and had

used the rear porch as an exit on those occasions, which, however, were in the daytime; that on the night of the accident it was, as the plaintiff says, "awful dark" on the porch; that he couldn't see where he was going; that "he could not see at all;" that as soon as he opened the kitchen door to go out on the porch it was "pitch black" and that he couldn't see a thing; that he was trying to put his hand on the guardrail of the porch; that he might have gone out by the front entrance had he so desired; that before he actually went out on the porch he could see it was dark; that he was unable to see the other side of the porch and that he could observe this condition before he had taken even one step out on the porch, and that when he reached the porch, he put out his hand "to grab hold of the rail, and there was no rail, and at the same time I stepped right over;" that when he went out on the porch, besides being unable to see, he was not sure where the steps were; that he didn't ask for any light and, finally, that he just walked out and fell. This recital paraphrases the plaintiff's own testimony.

In granting defendant's motion for a nonsuit, under these facts, we think the court was entirely justified. The plaintiff's own evidence presented a complete picture of negligence which contributed to the injuries which he received. The facts portrayed, in our judgment admit of no dispute concerning which fair-minded people might differ. The facts admit but one conclusion, culpable contributory negligence. *Cf. Dwyer* v.*N. Y., L. E. and W. R. Co.*, 47 *N. J. L.* 9; *Freschi* v. *Mason*, 108 *Id.* 272 (at *p.* 277) ; *Dempsey* v. *White Plains Hotel Co.*, 110 *Id.* 157. We do not determine what duty, if any, was owed the plaintiff below by the owner of the premises, that question being under our view of this case entirely immaterial.

The judgment of nonsuit is affirmed, with costs.