JAMES A. MURRAY v. ALBERT LEA HOME INVESTMENT COMPANY.[1]

January 28, 1938.

No. 31,483.

[1]Reported in 277 N. W. 424.

*Bundlie, Kelley & Finley,* for appellant.
*Meighen, Knudson & Sturtz,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Action for damages caused by defendant's negligent maintenance of an elevator shaft. After a verdict for plaintiff, defendant's motion for judgment *non obstante* was granted, and this appeal is taken from the judgment thereafter entered.

Since the question of plaintiff's contributory negligence is determinative of the case, a detailed statement of the facts is unnecessary. Defendant owns and operates a six-story office building in Albert Lea. The sixth floor is leased to the local Elks Lodge. On the evening of January 13, 1935, at about 11:30, plaintiff entered the building for the purpose of going to the clubrooms. When plaintiff entered he observed that the elevator door was open about a foot. He claims that the lobby was but dimly lighted and that he was unable to see whether or not the car was at the door. Without investigation he pushed the door open and stepped into the shaft, intending to turn on the cage light and operate the car to the sixth floor. Some unknown person, however, after the cage was left at the ground floor and the shaft door locked for the night, had opened the door and taken the car to one of the upper floors. As a result plaintiff fell into the elevator pit and sustained serious injuries.

The building is equipped with two elevators operating in a shaft extending from the basement to the sixth floor. The building is also equipped with a stairway leading from the main lobby to the upper floors. Elevator service is furnished from 7:30 a. m. to 11 p. m. The door opening on the shaft in the basement is equipped with a keyhole for the insertion of a key with which to unlock the door. The shaft doors on the other floors have no such aperture, but the custom on those floors has been to unlock them by means of a wire hook inserted through an opening at the top of the door, thereby

tripping the lock. It does not appear that the hook was often used except at the first or ground floor, where the elevator was permitted to stand when service terminated. This hook was kept in a convenient place in the lobby and was available not only to the regularly employed operators, but also to the tenants of the building who at times used the elevators after hours.

Plaintiff was a member of the lodge and frequently visited the clubrooms after 11 p. m. On occasion he had ridden in the elevator when it was opened by means of the hook at the first floor and operated to the sixth floor by another person, and there left with shaft door partly open. Several times plaintiff had operated the car in descending from the sixth floor, but he admits that this was the only occasion when he found the shaft door on the ground floor unlocked and attempted to operate it himself in ascending.

It may be assumed that plaintiff was an invitee acting within the limits of his invitation in using the elevator. It may also be assumed that the shaft door was left open by an employe or lodge member making use of the elevator in accordance with a custom, known to and tolerated by defendant, so that its negligence is shown. We are nevertheless confronted with the question as to whether plaintiff, construing his acts in the most favorable light, was not guilty of contributory negligence.

This is not a case where an invitee comes to harm by reason of a concealed danger which could not be guarded against unless known to him and which could not be discovered by the exercise of reasonable care. Landy v. Olson & Serley S. & D. Co. 171 Minn. 440, 214 N. W. 659; Farnsworth v. Farwell, Ozmun, Kirk & Co. 102 Minn. 371, 113 N. W. 897; Staley v. Theo. Hamm Brg. Co. 142 Minn. 399, 172 N. W. 491; Conway v. Charles H. Wood & Co. 113 Minn. 476, 129 N. W. 1045; Grand Rapids Bedding Co. v. Grand Rapids F. T. Co. 218 Mich. 486, 188 N. W. 538, 539.

Here plaintiff was familiar with the building. He knew that the elevator service terminated at 11 p. m. and that members of the lodge frequently operated the car after that time. He knew that the elevator was occasionally left standing at the sixth floor. The partly opened door was notice to him that someone had entered the

elevator subsequent to termination of the regular elevator service. With knowledge of all of these facts, plaintiff pushed the door open and blindly walked into a dark shaft without making the least investigation to ascertain whether the elevator car was at that floor. Would a reasonably prudent person, possessing the knowledge at plaintiff's command, have acted in that manner? We do not believe so.

The existence of a custom, known to plaintiff, whereby those using the elevator would leave the shaft door ajar at the floor at which the car was left, is urged. Reliance is placed upon Grand Rapids Bedding Co. v. Grand Rapids F. T. Co. 218 Mich. 486, 491, 188 N. W. 538. In that case the court said:

"But plaintiff insists there was a custom prevailing in the building of permitting the tenants and their employes to operate the elevator and of leaving the doors partly open when the elevator was at the ground floor. If there was a custom of leaving the doors of the elevator a few inches open *only when the elevator was at the ground floor,* if an opening of a few inches in the doors was notice that the elevator was there, if it was an invitation to enter and use the elevator, and this was the established custom and of it defendant had notice, then we think the questions of defendant's negligence and of deceased's contributory negligence become questions for the jury."

The evidence tended to show that this custom was observed at every floor and was not restricted to the first floor. Had it been restricted to the first floor, the custom might be of some persuasive force. But in view of its prevalent use on all floors, it should have been an additional warning to plaintiff that the elevator was in use or had been in use and might not be at the ground floor. But in any case, a custom, however well established, will not be recognized if it is contrary to common sense. Minneapolis S. & D. Co. v. Metropolitan Bank, 76 Minn. 136, 78 N. W. 980, 44 L. R. A. 504, 77 A. S. R. 609. When a person enters an environment known to be dangerous, he is not privileged to rely blindly on a custom which is generally observed, but which if not observed will result in his

injury. He must use due care to protect himself instead of relying on others to save him from harm. The fact that the door was partly open and the further fact that it was dark were danger signs which should have prompted him to proceed with caution, and he should not have ignored them to place his faith on a custom instead of upon knowledge. Rice v. Goodspeed R. E. Co. 254 Mich. 49, 235 N. W. 814; Blankertz v. Mack & Co. 263 Mich. 527, 248 N. W. 889; Bremer v. Pleiss, 121 Wis. 61, 98 N. W. 945; Central Pub. House v. Flury, 25 Ohio App. 214, 157 N. E. 794.

The verdict of the jury, entirely inadequate for the injuries plaintiff sustained, indicates that there must have been grave doubts in the minds of at least some of the jurors as to plaintiff's right to recover. Clearly, it was the result of a compromise between those who believed plaintiff was entitled to recover and those who did not.

Judgment affirmed.

[1]Reported in 277 N. W. 423.