# BEN HUYINK v. HART PUBLICATIONS, INC.[1]

February 20, 1942.

No. 32,989.

*Frank L. King,* for appellant.
*Freeman & King,* for respondent.

PETERSON, JUSTICE.

Plaintiff was injured by falling into a pit in defendant's basement, where he had gone for the first time to read a water meter in the course of his duties as an employe of the village of Long Prairie.

In his complaint plaintiff charged defendant with numerous acts of negligence. Defendant set up, among other defenses, that of plaintiff's contributory negligence. Plaintiff had a verdict for $1,000. The court below granted defendant's motion for judgment

[1]Reported in 2 N. W. (2d) 552.

notwithstanding the verdict upon the ground that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff appeals from the judgment entered pursuant to the order.

The accident occurred at about 4:30 p. m. on June 29, 1939. When plaintiff entered the building he requested one of defendant's employes, who was also mayor of the village, to direct him to the water meter, and was told to find it the best he knew how. Plaintiff then entered an inside room from which a stairway led to the basement.

The basement and the stairway leading to it were dark. Any movement in the basement in the dark was attended with danger because of the presence there of a furnace pit about five feet deep. With light, movement was safe.

At the head of the stairway was a post on which there was an electric switch for the basement lights located about three and one-half feet above the floor. The switch was visible without the aid of artificial light. There were also two ceiling lights with drop cords, one of which was about six feet and the other about 12 feet from the head of the stairs. These were clearly visible and accessible.

There were three lights in the basement, one with a 200-watt bulb and the others with 100-watt bulbs, which could be turned on by the switch on the post. When turned on they furnished adequate light.

Plaintiff had a flashlight, which he used at the head of and in descending the stairs to look for basement lights, but he found none. When asked if he looked for the switch on the post, he said, "I looked but not that high." Although it was dark on the stairway and in the basement, he ventured down, using the flashlight to furnish illumination.

After plaintiff reached the basement he made no further effort to find lights. By the use of his flashlight, he located the basement floor and then stepped on it. He flashed the light along the wall in search of the water meter and started to walk to his right in the dark without lighting up the floor as he went and not

knowing where he was stepping. After he had gone only a step or two he fell into the furnace pit, the existence of which he had no knowledge.

The exact location of the pit is not clear from the evidence. Apparently plaintiff stepped off the stairs, turned to his right, and had proceeded a few steps before he fell sideways to his right into the pit. The testimony tended to show that just before the accident the pit was about three or three and one-half feet to the right of the point where plaintiff fell in. It was being enlarged approximately three or three and one-half feet, which brought it immediately to the right of the place where plaintiff walked. Prior to the alterations, defendant maintained a guard railing around the pit, but it was removed while the alterations were being made. Later it was again put in place.

Defendant does not challenge the finding of negligence implicit in the verdict. This it concedes for the purpose of argument. The only questions for our consideration are whether plaintiff was guilty of contributory negligence as a matter of law and whether, as suggested on the argument, the verdict can be sustained upon the theory that the jury obtained evidence to support the verdict by a view of the premises.

1. A person who proceeds in an unfamiliar situation where by reason of darkness he is unable to observe where he is going and what may be the obstructions to his safe progress is, in the absence of the stress of special circumstances, guilty of contributory negligence as a matter of law upon the ground that by such conduct he exposes himself to unreasonable risk of injury. Plahn v. Masonic Hall Bldg. Assn. 206 Minn. 232, 288 N. W. 575 (licensee opening door, stepping into a dark space, and falling downstairs); Murray v. Albert Lea Home Inv. Co. 202 Minn. 62, 277 N. W. 424 (invitee in office building ascertaining in the dark that an elevator door was partly open, assuming that elevator was standing at that floor, opening door, stepping forward to get into elevator, and falling down elevator shaft). In Wentink v. Traphagen, 138 Neb. 41, 291 N. W. 884, where the facts were the same as here,

plaintiff, who fell into a pit while he was engaged in an endeavor to find a gas meter to shut off the gas preparatory to making a stove connection for a tenant in the building, was held guilty of contributory negligence as a matter of law. The opinion reviews many of the cases in which the question has been considered.

There are other factors in the case which emphasize that plaintiff unreasonably exposed himself to risk. The switch was a means at hand for making the basement light and safe by the mere pressing of the button. The presence of the switch on the post at the head of the stairs was itself an invitation to all descending into the dark basement to make such use of it and a warning that failure to do so was fraught with possible danger below. That plaintiff was aware of the situation is apparent from his testimony that he looked for a light switch at the head of the stairs and examined the post for that purpose, but failed to find the one on the post because he did not look as high as three and one-half feet above the floor, where it was located. Where a person has a choice between equally available methods to do an act, one of which is known to him to be safe and the other to be dangerous, and he chooses the dangerous method, he is guilty of contributory negligence as a matter of law, because such a choice involves unreasonable exposure to risk of injury. In Johnston v. Tourangeau, 193 Minn. 635, 259 N. W. 187, a tenant in an apartment building was held guilty of contributory negligence as a matter of law for choosing to descend by a dark stairway to the back entrance of a building instead of by the lighted stairway to the regular entrance in the front. But if both choices appear to be safe and it turns out that the one selected was unsafe, as, for example, where a tenant in a building uses one of two stairways provided for the purpose and is injured by a defect, of which he had no knowledge, in the one used, he is not guilty of contributory negligence. Heinman v. United Properties, Inc. 210 Minn. 343, 298 N. W. 247. In Brusseau v. Selmo, 286 Mich. 171, 281 N. W. 580, a guest of a restaurant was held guilty of contributory negligence as a matter of law for failing to turn on the lights by means of a switch be-

fore descending a dark stairway leading to a toilet room in the basement.

Venturing in the dark does not constitute contributory negligence as a matter of law in all cases. The question is whether the plaintiff thereby unreasonably exposes himself to risk of injury. In some situations, we, as well as other courts, have held that the question presents a fact issue for the jury under the particular circumstances. For example, we held in Jewell v. Blanchett Inv. Co. 199 Minn. 267, 271 N. W. 461, that a guest of a hotel was not guilty of contributory negligence as a matter of law in descending a dark stairway which the owner failed to light in breach of statutory duty, and we distinguished Johnston v. Tourangeau, *supra*. Likewise, the Massachusetts court, which held in Benton v. Watson, 231 Mass. 582, 584, 121 N. E. 399, 400, that a plaintiff was guilty of contributory negligence as a matter of law in groping his way through a dark hallway, upon the ground that he knew "as all men of ordinary experience must know that one who walks in the total darkness of a strange hall is likely to encounter obstructions to his passage and pitfalls to his feet," has limited the application of the rule in cases where there is some element of misleading and some inducement of false sense of safety, as where a customer of a garage, late at night, after trying several doors, all except one of which were locked and all of which appeared to afford entrance into the garage for customers, opened the unlocked door located a few steps ahead of a stairway leading to the basement, stepped into the dark garage, and fell down the stairway before he had a reasonable opportunity to observe that he was in a dangerous situation. Palmer v. Boston Penny Sav. Bank, 301 Mass. 540, 17 N. E. (2d) 899, 120 A. L. R. 633. In such cases the question whether plaintiff's conduct unreasonably exposed him to risk of injury was held to be a fact issue for the jury. But the instant case falls within the general rule under which plaintiff is guilty of contributory negligence as a matter of law.

2. The suggestion that the jury was enabled by a view of the premises to obtain evidence to support a finding that plaintiff was

not guilty of contributory negligence is untenable. The case must be decided upon the evidence received in open court. The purpose of a view is not to obtain evidence, but to enable the jury better to understand and apply the evidence submitted in open court. State v. Rogers, 145 Minn. 303, 177 N. W. 358; Chute v. State, 19 Minn. 230 (271).

The judgment should be affirmed.

Affirmed.