## LOUIS SARTORI v. CAPITOL CITY LODGE NO. 48, I. O. O. F. OF ST. PAUL.[1]

June 5, 1942.

No. 33,210.

*Kennedy & Kennedy,* for appellant.
*Kyle & Kyle,* for respondent.

LORING, JUSTICE.

Appeal from an order of the district court of Ramsey county sustaining a demurrer to plaintiff's second amended complaint.

The material facts of the complaint well pleaded and the inferences of fact which they fairly support must be assumed to be true. Harriet State Bank v. Samels, 164 Minn. 265, 204 N. W. 938. Plaintiff alleged that defendant owned a building located on the corner of West Seventh and Walnut streets, St. Paul (see diagram of first floor plan following) ;

[1]Reported in 4 N. W. (2d) 339.

# FLOOR PLAN
## BLDG. on S.W. COR. 7ᵀᴴ ✛ WALNUT STS.
### ST. PAUL, MINN.
#### Scale:- 1" = 20'

ALLEY

TOILET | TOILET | N+S HALL | DOWN | E.&W. HALL

GREENGARDS ADDITIONAL ROOM

TOILET | TOILET

BARBER SHOP

GREENGARDS TAVERN

TSCHURLS SHOE SHOP

#265    #263    #261

W. SEVENTH ST.

WALNUT ST.

that the portion of the building designated as 261 West Seventh was rented from defendant by one Tschurl and used by him as a shoe store; that Tschurl also rented the toilet (T) and used the halls (X) and (Y) to reach it; that both halls were under the control and supervision of defendant; that a wooden door which closed automatically connected the two halls; that on the afternoon of February 23, 1941, plaintiff was in defendant's building as an "express invitee" of Tschurl; that Tschurl, at plaintiff's request, granted him permission to use the toilet (T), which Tschurl told plaintiff was accessible from the hall (Y); that Tschurl told him nothing more and did not accompany him into the hall or to the toilet;

"That thereupon plaintiff entered said northerly and southerly hall [Y], and after such entry the door between said northerly and southerly hall and the easterly and westerly hall [X] was automatically closed, which excluded all light from said north and south hall. That plaintiff came in contact with an open door which he believed to be the entrance to the toilet, but which was in fact the door leading to the stairway to the basement. That the light in said stairway and basement was turned off and said stairway was totally dark. That plaintiff, believing said door entered the room he was seeking, and being unaware of the existence of the doorway leading to the stairway of the basement, did enter such doorway and then and there fell with great force and violence down the stairway and on to the hard-surfaced floor of the basement, which caused plaintiff to receive the injuries hereinafter alleged.

\* \* \* \* \*

"That plaintiff was utterly ignorant and unaware of the existence of said door and steps leading to said boiler room."

Other portions of the complaint alleging that certain acts and omissions to act by defendant constituted negligence are not here set out because there is no need on this appeal to consider more than plaintiff's conduct.

This court stated in Clark v. C. M. & St. P. Ry. Co. 28 Minn. 69, 72-73, 9 N. W. 75, 76, speaking through Mr. Justice Mitchell:

"It is the settled law of this state that contributory negligence of the plaintiff is matter of defence, and that plaintiff, in making out his case, need not prove the absence of it. Wilson v. Northern Pacific R. Co., 26 Minn. 278, 3 N. W. 333 [37 Am. R. 410]. Hence it is not necessary for the plaintiff, in his complaint, to negative the existence of contributory negligence on his part. It is, however, doubtless true that if his complaint stated facts which showed affirmatively that he was guilty of negligence which contributed to the injury, the complaint would be demurrable."

The portions of the complaint cited speak for themselves. They compel the inference that plaintiff was entirely unfamiliar with the surroundings. Thus the question presented is whether, assuming that defendant was negligent, plaintiff can recover for injuries sustained in a fall when he entered a dark, unfamiliar passage, while seeking a toilet, and from it stepped into an open, totally dark cellar doorway, thinking it to be the toilet entrance.

Contributory negligence was considered with respect to a similar fact situation in Johnston v. Tourangeau, 193 Minn. 635, 259 N. W. 187. There is no need to repeat here the apt discussion of the doctrine found on page 638 of that opinion.

While on the question of contributory negligence each case must be, in a measure, determined on its own particular facts (see Speck v. N. P. Ry. Co. 108 Minn. 435, 439, 122 N. W. 497, 24 L.R.A.[N.S.] 249, 17 Ann. Cas. 460), oddly enough, we find that a nearly identical situation presented itself in Plahn v. Masonic Hall Bldg. Assn. 206 Minn. 232, 288 N. W. 575. There plaintiff fell into the basement while looking for a toilet, and a directed verdict for defendant was sustained because the evidence showed plaintiff guilty of contributory negligence. This court said (206 Minn. pp. 234-5-6, 288 N. W. 576):

"Plaintiff was a stranger in the building and obviously was not familiar with it. This fact was fully appreciated by her, and she

was aware that she did not have the slightest inkling as to the location of the lavatory. She testified that when she opened the door (which led to the basement) she 'realized it was dark, I saw just the little light on that floor space on the west side, I stepped in and reached for the light on the wall.' The basement door was the first door tried in the course of the search. Plaintiff either simply assumed it was the entrance to the lavatory (she testified, 'I saw the entrance and I thought that was the toilet') or else was making an exploration of the building until the lavatory was found. In either event, under the circumstances plaintiff found herself, her conduct was unreasonable.

\* \* \* \* \*

"In effect, plaintiff admitted she *did not actually know* what she was stepping into. True, without adequate justification she expected the floor, but the premises were unknown in nature to her, and she went ahead on the assumption or perhaps speculation that she had found the correct place.

\* \* \* \* \*

"This cannot be considered a situation where a person unsuspectingly steps into an area and suddenly finds himself plunging through space. Can it be held with reason that defendant should respond in damages to a person of normal intelligence who suffers injuries by stepping into a darkened area, the exact nature of which is unknown? By her own testimony, plaintiff did precisely this, although in our opinion ample grounds existed for her reasonably to suspect injury might be in the offing."

That opinion controls the case at bar. Plaintiff's second amended complaint affirmatively shows that he was guilty of contributory negligence. *Cf.* Huyink v. Hart Publications, Inc. 212 Minn. 87, 2 N. W. (2d) 552, which cites Plahn v. Masonic Hall Bldg. Assn. *supra.*

Other cases involving surroundings dark and unfamiliar to plaintiffs which support our view are Parson v. Dughi, 12 N. J. Misc. 34, 169 A. 556, and Hoffner v. Bergdoll, 309 Pa. 558, 164

A. 607, both cited with approval in Johnston v. Tourangeau, 193 Minn. 635, 640, 259 N. W. 187.

Plaintiff's contention that contributory negligence is not a defense available to defendant in this action because defendant violated Mason St. 1927, § 5907, requiring light in certain hallways, as well as certain provisions of the St. Paul building code, is not well taken. See note, 19 Minn. L. Rev. 666, 682, and cases there cited. The statute and ordinances alleged to have been violated must be distinguished from the statute involved in Dusha v. Virginia & Rainy Lake Co. 145 Minn. 171, 176 N. W. 482, 23 A. L. R. 632 (child labor statute), see note, 19 Minn. L. Rev. 666, 685-686. The reasoning in that opinion is not applicable here.

Order affirmed.

MR. JUSTICE STONE, absent because of illness, took no part in the consideration or decision of this case.