### IDA C. RYBERG v. MIKE EBNET AND ANOTHER.[1]

July 7, 1944.

No. 33,901.

[1]Reported in 15 N. W. (2d) 456.

*Ahles & Ahles,* for appellant.
*Sexton, Mordaunt, Kennedy & Carroll,* for respondent.

YOUNGDAHL, JUSTICE.

Plaintiff appeals from a judgment entered pursuant to an order granting defendant judgment *non obstante.*

This action was brought to recover damages for personal injuries sustained by plaintiff while a guest at a hotel in Albany, this state, owned by defendant Mike Ebnet but orally leased to and operated by defendant Gertrude Rossmeisl. At the commencement of the trial plaintiff dismissed her action against Rossmeisl and proceeded only against Ebnet, hereinafter referred to as defendant. In the late afternoon of February 10, 1943, plaintiff engaged a room without bath at the hotel. At approximately 8:30 in the evening of that day she attempted to locate the public bath on the same floor.

It is agreed that an employe of the hotel gave plaintiff directions to the bathroom when she was shown to her room, but plaintiff contends that the directions were incomplete in that the employe failed to tell her that the bath was on the left side of the corridor at the extreme north end, but merely told her to go to the end of the hall. In any event, plaintiff walked to the end of the hall and turned to the right. It was very dark because of the fact that the last light at the end of the hall was not burning. Plaintiff, proceeding a few feet to the right through an open and unlighted passageway, found a door, which she opened, but observed that it led into a bedroom. She returned to the hallway and found the light on a cord extending from the ceiling. She turned the button, but the light failed to go on because it was burned out. She turned to the right again into the passageway, searching for a light switch along the wall. In so doing, she stepped into an open stairway leading to the first floor and fell to the bottom, receiving serious injury. The stairway, which was closed on three sides, had an open entrance approximately three feet in width. It descended from a passageway which was on the same floor level as the main hallway off which it opened. The area at the head of the stairs contained no windows or lighting facilities but was adequately lighted by the last hall light some two and one-half feet away. When lighted, this illuminated the first two steps and part of the third step. Obviously, since the stairway led into the kitchen on the first floor, it was intended primarily for use by the employes of the hotel.

At the close of the testimony defendant's motion for a directed verdict was denied. The jury returned a verdict for plaintiff, which, upon motion of defendant, was set aside and judgment rendered in his favor *non obstante*.

■ In this case defendant was the owner but not in possession of the hotel. It was operated by a tenant under an oral lease. Defendant did not assume the obligation to make repairs. It is a well-known rule, settled in this state and universally accepted, that if there is no agreement by the landlord to repair the demised

premises; if he is not guilty of fraud or concealment as to their safe condition; if defects in the premises are obvious and do not constitute a hidden danger, nuisance, or trap.; and if there is no showing that at the time the premises were leased they were unfit for their intended purpose, the tenant takes the risk as to the safety of their occupancy, and the landlord is not liable in tort to invitees of the tenant for injuries received upon the premises by reason of such defects. 4 Dunnell, Dig. & Supp. § 5369; 32 Am. Jur., Landlord and Tenant, § 662; Keegan v. G. Heileman Brg. Co. 129 Minn. 496, 152 N. W. 877, L. R. A. 1916F, 1149; Harpel v. Fall, 63 Minn. 520, 65 N. W. 913. *Cf.* Wood v. Prudential Ins. Co. 212 Minn. 551, 4 N. W. (2d) 617.

The record is barren of any showing that at the time the premises were leased they were unfit for their intended purpose. Nor is there any showing that the construction of the stairway was either faulty, defective, or constituted a nuisance, hidden danger, or trap. The stairway was an ordinary one, such as one would expect to find in such surroundings. There was nothing unusual or unsafe about its construction. Its condition was patent and plainly visible except at night with inadequate lighting. It cannot be said that a stairway of this character, in and of itself, comes within the category of a nuisance *per se,* a trap, or a dangerous condition. In Lyman v. Hermann, 203 Minn. 225, 280 N. W. 862, plaintiff predicated liability of defendant upon the existence of an open trap door in the lavatory of a restaurant, through which plaintiff fell upon entering the room. This court, in considering the nature of the trap door, its design and construction, held that it was not a nuisance *per se. A fortiori,* an ordinary stairway of the type here involved, leading from the second floor of a hotel to the first floor, cannot be considered a trap or nuisance. See, also, Daley v. Towne, 127 Minn. 231, 149 N. W. 368; Harpel v. Fall, *supra.*

Neither is there any support in the authorities for holding that the maintenance of such a stairway without a door or guard under the circumstances here constitutes negligence. Plaintiff, although admitting that if the hall had been properly lighted the

accident might not have happened, asserts that the failure of defendant to furnish a guard or door at the opening into the stairway was negligence which proximately concurred in causing her injuries. Although no case has been cited, nor have we found any, precisely similar to the facts here, there are numerous holdings of this court which are helpful in indicating that negligence does not arise from such a situation. In Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043, the plaintiff brought an action upon the alleged negligence of defendant in respect to the unguarded condition of a flight of stairs in a store building, down which plaintiff fell. There, as here, plaintiff contended that the stairway should have been protected by a bar or guard of some sort. A verdict was rendered for plaintiff, and on appeal this court denied liability and reversed the trial court, stating (49 Minn. 344, 51 N. W. 1043):

"* * * He [plaintiff] was not justified in assuming that the place was so free from obstacles and from the ordinary conveniences for business that he could move anywhere without paying any attention to the surroundings."

Similarly, in Dehn v. Buck, 165 Minn. 310, 311, 206 N. W. 435, where plaintiff, in mistaking a basement door for the entrance upstairs, sustained injuries from a fall down the basement stairs in an apartment house, the court, holding that there was no negligence on defendant's part in maintaining the stairway and in affirming a directed verdict for the defendant, stated:

"* * * The owners of such premises are not required as a matter of due care to safeguard them so as to prevent at all hazards injuries to persons so oblivious of their surroundings as plaintiff must have been."

See, also, Walimaa v. Maki, 163 Minn. 352, 204 N. W. 25, 41 A. L. R. 965, where the court held that the absence of handrails from an ordinary interior stairway in a hotel was not negligence. Other courts have held that the absence of gates or bars at the entrance to ordinary stairways, such as here, does not constitute negligence.

In Larned v. Vanderlinde, 165 Mich. 464, 474, 131 N. W. 165, 169, the court, in denying liability, said:

"* * * It is a common thing in stores to find stairs from story to story. * * * Every dwelling house has such stairways, yet invited guests do not expect that the owner will have gates or bars * * *."

A similar expression of the rule is stated in F. W. Woolworth & Co. v. Conboy (8 Cir.) 170 F. 934, 936, 95 C. C. A. 404, 405, 23 L.R.A.(N.S.) 743, 745:

"* * * It was not negligent to maintain the open stairway. * * * Indeed, if it had been situated in a portion of the room used by the public, that would not have constituted negligence. Important retail establishments are now accustomed to occupy several stories of the building in which their business is carried on. Open stairways leading from one story to another are a part of the ordinary equipment of such premises. * * * Such stairways are closed on three sides, as was the one in this case; but the entrance is left open. Any other arrangement would be manifestly impracticable, and defeat the very object which the stairways are designed to accomplish. Such open stairways being an ordinary feature of store premises, the public, when resorting there, assume the risk arising therefrom, and are bound to protect themselves by the use of their eyes against such dangers."

The Woolworth case, *supra*, cites with approval this excerpt from the early case of Hunnewell v. Haskell, 174 Mass. 557, 558, 55 N. E. 320:

"There is no duty on the part of a shopkeeper to give warning of the presence of an ordinary flight of stairs in broad daylight, or to guard the necessary access to it, even if there is a crowd in his shop. The sides of the opening were guarded. Every one who is on an upper story knows that there probably are stairs from it somewhere, and must look out for them. The case is different from that of a hole in the floor which commonly is covered, and which is of a kind not to be expected."

See, also, Larkin v. O'Neill, 119 N. Y. 221, 23 N. E. 563; Dunn v. Kemp & Hebert, 36 Wash. 183, 78 P. 782; Evans v. Orttenburger, 242 Mich. 57, 217 N. W. 753; Nelson v. F. W. Woolworth & Co. 211 Iowa 592, 231 N. W. 665.

■ The absence of adequate lighting in the stairway, as disclosed herein, does not establish liability on the part of the landlord. If a landlord enters upon an affirmative course of conduct and makes repairs and improvements, although not required to do so by the terms of the lease, he assumes a duty toward those who may be affected by his failure to exercise reasonable care in the fulfillment of that duty, voluntarily and gratuitously assumed. Having once assumed the obligation of making repairs or improvements, he is liable for his negligence in making them. Wood v. Prudential Ins. Co. 212 Minn. 551, 4 N. W. (2d) 617, *supra;* Fjellman v. Weller, 213 Minn. 457, 7 N. W. (2d) 521. In the instant case, except for isolated instances of supplying wallpaper, doing some painting, and on one occasion shoveling the snow off the roof, it appears clearly from the record that defendant did not undertake to repair or improve the premises. Under the lease agreement, the tenant had the obligation of making repairs, and there is no evidence that defendant voluntarily or gratuitously assumed it. To the contrary, with respect to maintaining proper and adequate lighting in the building, so vital in this case, it appears that the tenant fully realized her duty to furnish electric light bulbs, both before and after plaintiff's accident, and did in fact replace the particular light bulb here in question. The record would not justify any other conclusion, therefore, but that the tenant had the duty of keeping the lights in proper working order and that the landlord had no responsibility in connection therewith. As expressed in 32 Am. Jur., Landlord and Tenant, § 670:

"The landlord is not obligated to the tenant or to those in the right of the tenant to light stairways in the demised premises in the absence of any express contract; nor is he liable for injuries sustained because of the want of artificial light," citing Stone v.

Lewis, 215 Mass. 594, 104 N. E. 284, 50 L.R.A.(N.S.) 471, Ann. Cas. 1914D, 591.

If, therefore, the accident happened because of inadequate lighting, the landlord cannot be held responsible. Kinney v. Luebkeman, 214 Wis. 1, 252 N. W. 282; Johnston v. Tourangeau, 193 Minn. 635, 259 N. W. 187.

■ It is apparent from the record that if there had been proper light in the hallway and the plaintiff had exercised ordinary care the accident would not have occurred. The evidence shows that a droplight was located one and one-half feet from the north wall of the hallway and 30 inches from the west edge of the head of the stairway. She attempted to turn on this light by turning the light button, but the bulb had burned out. Had this light been burning, it appears without dispute that the first two steps and part of the third step of the stairway would have been plainly visible to one approaching from the hallway. The proximate cause of plaintiff's injuries was the lack of illumination, and the absence of a door or bar at the stairway did not proximately concur as a substantial factor therein. 4 Dunnell, Dig. & Supp. § 6999; Prosser, Torts, c. 8.

Having concluded that no negligence on the part of defendant was shown, it is unnecessary to consider the further claim of defendant that plaintiff was contributorily negligent as a matter of law.

Affirmed.