MILDRED A. NELSON v.
SUBURBAN PLUMBING SUPPLY COMPANY.

167 N. W. (2d) 37.

April 11, 1969—No. 41320.

*Sokolowski & Keating* and *Spencer J. Sokolowski,* for appellant.
*Hoppe & Healy* and *Robert L. Hoppe,* for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from an order denying plaintiff's motion for judgment notwithstanding the verdict or a new trial.

On August 27, 1964, at about 10:30 p. m., plaintiff parked her car in an area provided for that purpose by defendant, the owner of the apartment building in Minneapolis in which she lived. Shortly after she got out of the car she fell. It was raining and dark at the time. It was plaintiff's theory that she stumbled on a cement block which had become separated from a retaining wall maintained by defendant to support the blacktopped surface of the parking area and that defendant was negligent in failing to keep the lot free from obstructions and in failing to provide artificial lighting to illuminate the area. The trial judge instructed the jury that the defendant as owner of the premises was under a duty to use reasonable care to maintain the parking area in a reasonably safe condition and that this required reasonable care to inspect, to discover, and to repair dangerous conditions. He added this qualification: "The landlord here, under the law, was under no duty to furnish adequate lighting for the parking area." The jury returned a verdict for defendant and, her post-trial motion having been denied, plaintiff seeks reversal upon the ground that the instruction was prejudicially erroneous.

We affirm because in our judgment the instruction given embodied the general rule applied by this court in situations of this kind and because

the facts relating to the parking area where plaintiff fell do not bring the case within any recognized exception to that rule.

■ Generally, in the absence of a specific statute or controlling contract provision (and there is none here), a landlord has no duty to his tenant to light areas used in common by the lessees of a multiple dwelling. Johnston v. Tourangeau, 193 Minn. 635, 259 N. W. 187; Ryberg v. Ebnet, 218 Minn. 115, 15 N. W. (2d) 456.

■ Exception is made to the general rule where (a) the landlord has assumed the duty to provide light, and (b) where the premises involved are constructed or maintained in a way so hazardous as to necessitate lighting. Iverson v. Quam, 226 Minn. 290, 32 N. W. (2d) 596.

■ Defendant did not assume the duty to light the parking area. It is true that the parking lot extended from the front of the apartment building to the east-west public thoroughfare in front of it—a distance of about 35 feet—and that the landlord had placed a 75-watt bulb over the front entranceway of the apartment building, which faces southerly. In doing so, the landlord assumed the duty of lighting the entranceway but not the entire parking area, which extended to the retaining wall at the westerly property line and was wide enough to accommodate two cars.

■ There was nothing inherently hazardous about the parking area in so far as plaintiff was concerned. She had used it regularly and at night for a considerable time before the accident without difficulty attributable to the absence of light. The parking area was level and surfaced evenly. There was a change of grade between the westerly edge of the lot and the adjoining property but this did not cause the fall or cause confusion on plaintiff's part. The fact that a cement block had come to rest on the lot did not make the place inherently dangerous. To the extent that the presence of the block caused the fall, the jury could have found liability under the instructions as given, though it did not. In our judgment, the possibility of obstructive objects being put on the surface of a parking area provided for the use of persons living in an apartment building does not bring the case within the exception to the general rule or raise a duty to keep the area lighted, at least under the circumstances of this case.

Affirmed.